25 So.2d 698

**WARREN v. STATE.**

**7 Div. 876.**

Supreme Court of Alabama.

April 11, 1946.

Rains & Rains, of Gadsden, and Leonard Crawford, all of Fort Payne, for petitioner.

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., opposed.

BROWN, Justice.

The indictment charges that the defendant (petitioner) and another, "with the intent to injure or defraud, did falsely make, alter, forge, or counterfeit a certain instrument in writing which was in substance as follows," setting out in haec verba a writing represented to be an answer to a bill of complaint filed in the Circuit Court of DeKalb County, Alabama, by Maggie Lee Stewart, complainant, v. Roy R. Stewart, defendant, which "acknowledges the receipt of a copy of the bill filed in the above stated cause," and denies all the material allegations thereof and embodies an agreement that, "The defendant agrees that the testimony may be taken by complainant in this cause without any other or further notice to him, and that, after taking

the testimony, she may submit this cause for final decree without further notice of the time of said submission to this defendant." This statement purported to be signed by the defendant "Roy Stewart," and witnessed by W. T. Warren.

The demurrer takes the point that absence of the averment of extrinsic facts showing the purpose for which said paper was intended to be used—its legal force—it is wholly insufficient to sustain a conviction of forgery.

Code 1940, Tit. 14, § 200 denounces, as forgery, "[the making of] any instrument or writing, being or purporting to be the act of another," with the intent to injure or defraud, and § 205 provides that, "Any forgery which, under the provisions of this chapter, does not amount to forgery in the first or second degree, must be adjudged forgery in the third degree."

■ The legal force of the writing appears on its face and the point taken by the demurrer is without merit. Fomby v. State, 87 Ala. 36, 6 So. 271.

■ While the authorities are in conflict as to whether or not the procuring of a signature to a paper which if signed by the person practicing the fraud would constitute forgery, this court has followed the line of authorities sustaining the proposition that such procurement of the signature of a person, whose name appears to have been signed, constitutes forgery. Barnett v. State, 89 Ala. 165, 7 So. 414; Commonwealth v. Foster, 114 Mass. 311, 19 Am.Rep. 353; 14 A.L.R. 317; Horvath v. National Mortg. Co., 238 Mich. 354, 213 N.W. 202, 56 A.L.R. 582; 23 Am.Juris. 682, § 14.

Writ denied.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.