144 So.2d 62

Gordon COOPER et al.

v.

Willine Patterson COOPER et al.

8 Div. 92.

Supreme Court of Alabama.

Aug. 30, 1962.

H. H. Conway, Albertville, for appellants.

J. S. Stone, Guntersville, for appellees.

HARWOOD, Justice.

In the proceedings below the complainants who are the children and heirs of A. W. Cooper, deceased, filed a bill seeking to cancel a deed purporting to convey their respective interest in the lands of A. W. Cooper, deceased.

The grantees in the deed were John Rex Cooper, the youngest child of the deceased A. W. Cooper, and Ida L. Cooper, his widow.

In 1945 John Rex Cooper was in the military service and overseas. The other heirs, being desirous to make a gift to John Rex Cooper of their respective interest in the lands of their deceased father, agreed that they, and their respective husbands and wives would join in a deed conveying their said interest to John Rex Cooper. It was further agreed that they would convey to Ida L. Cooper, their mother, a life estate in said lands, with the remainder over in fee simple to John Rex Cooper.

A deed to the land was prepared conveying the interests of the heirs in the said lands to Ida L. Cooper for and during her natural life and unto John Rex Cooper, his heirs and assigns, in remainder in fee simple. This deed is dated 10 February 1945, and was signed by the complainants hereto and their respective spouses. The acknowledgments to the signatures of those heirs who did complete their execution of the deed carry varying dates from February 1945 to 9 January 1954.

The bill further alleges that it was the understanding of the grantors, and all of the heirs of A. W. Cooper, that the deed would not be delivered until all of the heirs of A. W. Cooper, and their spouses, had properly executed the deed.

In this connection the deed was turned over to the grantee of the life estate, Ida L. Cooper, with the understanding that she would obtain the signatures and acknowledgments of all of the heirs.

John Rex Cooper returned from military service, married, and had one child, John Rex Cooper, Jr. This child and the wife of John Rex Cooper, Willine Patterson Cooper, are the respondents in this proceeding, John Rex Cooper having died in January 1961.

The bill further alleges that after the execution of the deed by the complainants, but before all of the heirs of A. W. Cooper had signed and executed the deed, the deed was recorded in the probate office of Marshall County on 4 August 1954; that in April or May 1961, some one of the complainants learned of the recordation of the deed, which was a month or two before the bill was filed.

A demurrer was filed to the bill on the grounds, among others, that laches on the part of the complainants was shown on the face of the bill.

The bill further avers that Nell Benson, on behalf of the other complainants, sought legal advice with reference to the effect of the recording of said deed and was informed by a competent lawyer of Marshall County that the complainants had "signed away their rights and there was no legal action that they could take for relief." Complainants allege that they were lulled into inaction by this advice, and further by their understanding that all of the heirs would eventually sign and execute the deed in question.

The court sustained the demurrers and dismissed the bill. Hence this appeal.

In his decree dismissing the bill the court stated that the demurrer was well taken and "should be sustained on the grounds

of laches. McCary v. Robinson [272 Ala. 123], 130 So.2d 25."

Filing the deed for registration constituted notice to all the world including these appellants. Sec. 95, Tit. 47, Code of Alabama 1940.

 The defense of laches is available by demurrer if the bill shows on its face that the claim is barred by laches. Drummond v. Drummond, 232 Ala. 401, 168 So. 428.

In McCary v. Robinson, referred to in its order by the lower court, the bill showed affirmatively that the complainant had immediate knowledge of the transactions and of the claimed fraud, but nevertheless waited for five years until after the death of her husband, who was a grantor, and the death of other parties, who were the grantees, to initiate the proceedings to set aside the deed. It was deemed the bill showed on its face that the complainant was guilty of laches.

The court stated that the bill showed on its face that the circumstances surrounding the execution of the instruments sought to be vacated had become so obscured by the lapse of more than five years, and the death of the parties, as to render it difficult if not impossible to do justice.

It was further held that a court of equity may refuse relief by applying the doctrine of laches even though the claim be not barred by the statute of limitations.

In the present case the complainants signed the deed in 1945. Some acknowledged the deed in that year and others acknowledged the deed in 1954. The deed was recorded in 1954 and by operation of law the complainants must be deemed to have had notice of the deed. The deed contained no restrictions whatsoever.

It was not until 6 July 1961, and after the death of John Rex Cooper, that these proceedings were brought, a period longer in time than that which the court considered sufficient to invoke the doctrine of laches in McCary v. Robinson, supra.

The complainants cannot be heard to say that they were lulled into inaction by erroneous advice of an attorney. We do not intimate that this advice was erroneous, but observe that the omissions, as well as the commissions, of an attorney are to be regarded as the acts of the client whom he represents, and his neglect is equivalent to the neglect of the client himself. See 7 C.J.S. Attorney and Client § 67.

Furthermore, John Rex Cooper the grantee of the remainder had died. His status was therefore changed by his death. Even had the demurrers been overruled and the complainants permitted proof on the bill, their efforts would necessarily have been blocked by the so-called "Dead Man's Statute," Sec. 433, Tit. 7, Code of Alabama 1940, since the only possible effect of a hearing on the merits would have been a diminution or destruction of the estate of the deceased John Rex Cooper.

The decree sustaining the demurrer and dismissing the bill is therefore due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.