176 So.2d 35

**Trenyon H. GAMBLE**

**v.**

**George MOORE.**

**6 Div. 116.**

Supreme Court of Alabama.

May 20, 1965.

Rehearing Denied June 17, 1965.

Fred Blanton, Birmingham, for appellant.

Whitmire, Morton & Coleman, Birmingham, for appellee.

LAWSON, Justice.

George Moore filed his bill in the Circuit Court of Jefferson County, in Equity, against Trenyon H. Gamble and Olma S. Hankins. The trust of the bill was that a deed from Moore to Gamble and Mrs. Hankins was null and void because of fraud and undue influence. Guaranty Savings and Loan Association was made a party respondent because of a mortgage given by Gamble and his wife and by Mrs. Hankins

and her husband to that Association on the property described in the deed.

Gamble and Mrs. Hankins answered the bill and denied its material allegations. Guaranty Savings and Loan Association also filed an answer.

After a hearing wherein the testimony was taken ore tenus, the trial court entered its order and decree declaring the deed to be null and void and of no effect.

From that decree Gamble has appealed. The respondents Olma S. Hankins and Guaranty Savings and Loan Association have not joined in the appeal, although given the notice required by § 804, Title 7, Code 1940.

█ The general jurisdiction of courts of equity to cancel void deeds, not shown on their faces to be void, is not questioned. Newman v. Borden, 239 Ala. 387, 194 So. 836. Nor is it contended that the averments of the bill filed by Moore are not sufficient to warrant the relief granted.

█ Both sides agree that we are concerned on this appeal with only a question of fact. Therefore, we will refrain from discussing the evidence in detail, as it would add nothing to the established law nor serve any useful purpose. § 66, Title 13, Code 1940; McCrary v. Matthews, 235 Ala. 409, 179 So. 367; Elson v. Pridgen, 239 Ala. 678, 195 So. 889; Grooms v. Brown-Marx Co., 239 Ala. 284, 195 So. 215; Finney v. Story, 271 Ala. 284, 123 So.2d 129; Bagley v. Green, 277 Ala. 118, 167 So.2d 545.

The following summary of the evidence is, in our opinion, sufficient for the purposes of this appeal.

On December 11, 1963, George Moore, a negro, about sixty-seven years of age, with a fifth-grade education, owned nine lots in the business section of Leeds upon which were situated a residence and a block building wherein Moore operated a restaurant. The property was worth in the opinion of one witness as much as $25,000

and no witness said it was worth less than $12,000. Moore had some debts. He owed Birmingham Federal Savings and Loan Association approximately $6,000, which was secured by a mortgage on the property referred to above. He owed the respondent Mrs. Hankins $200, the Leeds Citizens Bank about $500 and the Leeds branch of the First National Bank of Birmingham around $100, and he owed some other "little debts."

On that day, December 11, 1963, the respondent Mrs. Hankins and her husband and the respondent Gamble and his wife accompanied Moore to the offices of the Guaranty Savings and Loan Association, where he executed a survivorship warranty deed conveying the above-mentioned property to Mrs. Hankins and Gamble for a recited consideration of $15,000. The deed had been prepared by Gamble. On that occasion Mrs. Hankins and Gamble and their spouses executed a mortgage on the property Moore had deeded to them to Guaranty Savings to secure a loan made to them in the amount of $8,000. Aside from certain deductions, the proceeds of that loan were used to pay the debt that Moore owed Birmingham Federal and Moore got $1,541.64, which he used to pay off most of his other debts.

Thereafter as the payments became due on the loan made by Guaranty Savings to Mrs. Hankins and Gamble, they collected the amount of those payments from Moore and used the moneys so received to pay off their indebtedness to Guaranty Savings.

The net result of the transaction was that Moore had conveyed his property to Mrs. Hankins and Gamble for no consideration at all. True, his debt to Birmingham Federal was paid and he obtained $1,541.64 to pay on his other debts, but he had conveyed away the title to his property and Mrs. Hankins and Gamble were making him pay their loan to Guaranty Savings. Obviously Moore made such payments because he thought the instrument which he had executed on December 11, 1963, was a mortgage to Guaranty Savings.

Moore had complete faith in Mrs. Hankins because of his connections with her and her family and she used Gamble, a real estate agent, to help her in her scheme; or Gamble completely misled Mrs. Hankins in regard to the entire transaction, as he did in inserting the survivorship provisions in the deed without her knowledge.

If ever a court of equity was justified in setting aside a deed on the ground of fraud, it was in this case.

Actually, there was very little conflict in the evidence, but such as there was could be resolved better by the trial court than by this court since the testimony was taken ore tenus.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.