331 So.2d 709

**CUMBERLAND CAPITAL CORPORATION, INC.**

**v.**

**Dorothy M. ROBINETTE.**

**Civ. 716.**

Court of Civil Appeals of Alabama.

April 28, 1976.

Donald L. Newsom, Birmingham, for appellant.

Nina Miglionico, Harry Asman and Samuel A. Rumore, Jr., Birmingham, for appellee.

HOLMES, Judge.

This appeal is from the Circuit Court of Jefferson County. The trial court sitting without a jury found in favor of plaintiff-appellee Dorothy Robinette, and against defendant-appellant Cumberland Capital Corporation, Inc. Defendant appeals from that judgment.

The determinative issues before this court are whether the trial court erred to reversal by granting plaintiff's motion to set aside a prior final decree in the cause and granting a motion for a new trial, and whether the trial court erred by cancelling a mortgage held by defendant-appellant.

The controversy centers around certain real estate transactions between plaintiff, defendant, and plaintiff's son and his wife, Robert L. and Linda S. Robinette. Two deeds and a mortgage are involved. The following facts pertinent in this regard are revealed by the record:

The first deed with which we are concerned is dated July 12, 1971, and conveys title to certain real property on which plaintiff Dorothy Robinette's homeplace is situated. It is purportedly executed by Dorothy Robinette and conveys title to Robert L. and Linda S. Robinette and Dorothy Robinette.

Plaintiff denied signing this instrument. She testified that in July of 1971 she signed a blank paper presented to her by Robert Robinette. She further testified Robert told her only that the purpose of this transaction was to state that she was an unmarried woman.

Robert Robinette testified that the deed was duly executed. He stated that plaintiff was at that time divorced, that she was then contemplating another marriage, and that the conveyance was made so that her prospective husband could obtain no interest in her property through the marriage.

The second deed pertinent here concerns the same property discussed above, is dated September 27, 1972, and conveys title to Robert and Linda Robinette from Dorothy Robinette Wright, her then husband John Harold Wright, Robert Robinette, and Linda Robinette.

Plaintiff also denied signing this deed. Her testimony was that she signed a blank paper in September of 1972 presented to her by Robert Robinette for the purpose of stating that she was a married woman. She also testified Robert at that time requested that she furnish him with a copy of John Harold Wright's signature. She gave him a cancelled check or other instrument, not a deed, bearing the signature of John Harold Wright.

John Harold Wright denied ever having signed this deed.

Robert Robinette again asserted the regularity of the conveyance, stating that its purpose was to protect plaintiff's interest in the property in the event she obtained a contemplated divorce from Wright.

The parties stipulated that the two deeds were notarized without the grantors being in the presence of the notary. The attor-

ney who purportedly witnessed the second deed testified the only grantor's signature which he witnessed was that of Robert Robinette, and that no other signatures were on the deed when Robert signed it.

The mortgage noted earlier is on the same property which is the subject of the above mentioned deeds. It bears the date of September 28, 1972, and is executed to defendant Cumberland Capital Corporation, Inc., from Robert and Linda Robinette.

The record reveals that defendant discussed the mortgage with Robert before title to the property was purportedly conveyed to him and Linda alone. It is also evident from the record that defendant was aware plaintiff initially had an interest in the property and lived thereon at the time of the mortgage. The mortgage monies were disbursed on October 3, 1972, and the formal mortgage application was dated October 4 of that year.

The mortgage proceeds were used by Robert Robinette mostly to secure various personal and business debts.

The trial court found that the two deeds were not properly acknowledged and witnessed, that the deeds had been procured by fraud on the part of Robert and Linda Robinette, and that defendant Cumberland Capital Corporation had notice of sufficient facts to apprise it of plaintiff's interest in the property. The trial court accordingly cancelled the deeds and mortgage, and rendered judgment in favor of Cumberland Capital Corporation against Robert and Linda Robinette in the amount of the unpaid mortgage indebtedness. Defendant Cumberland Capital appeals from the cancellation of the mortgage.

I

When this lawsuit was first begun, the parties entered into a consent judgment by which, *inter alia*, defendant's mortgage was allowed to remain in force and effect as an encumbrance on the subject property. However, plaintiff's subsequent motion to set aside the judgment and for a new trial was granted, and the trial of the cause described above ensued. Defendant contends the granting of this motion by the trial court was reversible error. We disagree.

Rule 59, ARCP, provides in pertinent part as follows:

"(a) *Grounds.* A new trial may be granted to all or any of the parties . . . and (2) on all or part of the issues in an action tried without a jury, for any of the reasons for which rehearings have theretofore been granted in suits in equity in the courts of Alabama. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

"(b) *Time for Motion.* A motion for a new trial shall be served not later than 30 days after the entry of the judgment.

.    .    .    .    .    .

"(e) *Motion to Alter, Amend or Vacate a Judgment.* A motion to alter, amend, or vacate the judgment shall be served not later than 30 days after entry of the judgment."

Plaintiff's motion was timely filed within thirty days after entry of the consent judgment.

Rehearings in equity previously were granted based upon the sound discretion of the court. *Ex parte Upchurch,* 215 Ala. 610, 112 So. 202. Here, the trial court's order setting aside the consent judgment recited that the court had heard statements and arguments of counsel. Plaintiff's motion alleged that the prior consent judgment was contrary to law and equity and that plaintiff had been uninformed as to the terms of the judgment. As such, and bearing in mind the trial court's

findings in its final order, we cannot perceive how the trial court's discretion was abused in the instant case.

The cases cited by defendant for the proposition that consent judgments can only be set aside for fraud, accident and the like, are inapposite here. Initially, we note that defendant's cases do not refer solely to consent judgments, but to all judgments. Furthermore, they do not concern motions filed within thirty days after judgment as does the instant case, but rather deal with those judgment vacation proceedings formerly commenced by a bill in the nature of a bill of review and now begun by a motion under Rule 60(b), ARCP.

The trial judge accordingly did not err by granting plaintiff's motion.

## II

Defendant also contends the trial court erred to reversal by its final order cancelling defendant's mortgage. Defendant argues that it is a bona fide purchaser without notice of the true state of plaintiff's title, and that the validity of its mortgage is thus unaffected by any wrongdoing.

We initially note that the deeds purporting to convey the property to Robert and Linda Robinette were, by the parties' stipulation, improperly acknowledged. Furthermore, the evidence indicates that one deed was improperly witnessed, although these defects are not apparent from the face of the instruments. We express no opinion on the manner on which the defects affected defendant's mortgage as such is not necessary to this appeal.

■ As noted earlier, the trial court found that the deeds were procured by fraud. Clearly, the evidence previously set out is sufficient to support this finding.

■ In view of this finding by the trial court, it is apparent from the record that the signatures of the grantors Dorothy Robinette and John Harold Wright were placed upon the deeds either by forgery or by the grantors having been deceived into signing the instruments in ignorance of their true character. A signature procured by this character of fraud is considered forged under Alabama law. *Warren v. State,* 247 Ala. 595, 25 So.2d 698. See also 11 A.L.R.3d 1076. A forged deed is void, and completely ineffectual to pass title. 23 Am.Jur.2d *Deeds* §§ 137, 139, and cases cited thereunder.

■ Even if the signatures are not forged, or considered as such under the rule enunciated in the *Warren* case, *supra,* a deed is nonetheless absolutely void where the grantor's signature is obtained by fraud going to the nature of the instrument he was requested to sign. *Gamble v. Moore,* 278 Ala. 104, 176 So.2d 35; 23 Am.Jur.2d *Deeds* § 142, and cases cited thereunder. In the *Gamble* case, the plaintiff conveyed his lands to defendants in the belief, induced by defendant's fraud, that he was executing a mortgage to a savings and loan association. Defendants subsequently mortgaged the property. The trial court held the deed to be void and of no effect, and its decree was upheld by the Supreme Court of Alabama.

■ Deeds are held invalid in the instances described above for the reason that the grantor in such cases cannot be said to have executed the instrument. This is so because in such instances the signature is not that of the grantor, made with the intention to convey, as is required by Tit. 47, § 22, Code of Ala. 1940.

■ A subsequent innocent purchaser is not protected against such void instruments. *Barden v. Grace,* 167 Ala. 453, 52 So. 425, and authorities cited, *supra.* Therefore, defendant's mortgage is also void.

■ In this context, we would note that, due to the filial relation of Robert Robi-

nette to the plaintiff, we do not regard plaintiff as having been so negligent in her actions as to neutralize the fraud as against a bona fide purchaser.

■■■ It is settled law that where a purchaser buys land and has knowledge that a third party is in possession thereof, he is charged with notice as to the nature of that party's title. See 19 Ala.Dig. *Vendor and Purchaser* ☞232, and cases cited thereunder. However, where at the time of sale the vendor has but recently obtained a deed, and the vendor's grantor remains in possession, such fact alone does not impute notice of the grantor's title to the purchaser. *Evans v. Bryan*, 202 Ala. 484, 80 So. 868.

■■■ While bearing in mind the above principles, this court is of the opinion that plaintiff's continued possession was coupled with sufficient other facts to place defendant-mortgage holder on notice as to the state of her title in the subject property.

Here, mortgage negotiations with Robert Robinette began before he purportedly acquired title, he was at that time already in debt to defendant, defendant knew plaintiff was in possession at the time the mortgage was executed, and the deed from plaintiff to Robert was for merely a nominal consideration. Under the circumstances of this particular case, considering the facts set out above as a whole, we are of the opinion that defendant was under a duty of inquiry and was charged with notice of plaintiff's title. Being so charged, defendant cannot avail itself of the protection accorded an innocent purchaser.

■■■ Defendant argues that plaintiff is barred by the one-year statute of limitations or by estoppel from asserting the invalidity of the mortgage due to her son's fraud. We disagree. The statute of limitation, Tit. 7, § 42, Code of Ala.1940, and the cases interpreting it hold that suit must be brought within one year from the time the fraud is discovered or should have

been discovered. Plaintiff filed suit on January 31, 1974. While there was some testimony by plaintiff that she was aware in the fall of 1972 that Robert Robinette borrowed money "on the house," she also testified she did not learn of the existence of the mortgage and thus of her son's fraud until September or December of 1973. This conflict was for the trial judge to resolve. Additionally, we cannot say that she should have earlier discovered the base conduct of one in whom she naturally reposed trust and confidence. She was accordingly not barred from maintaining her action.

■■■ In this regard, defendant contends that plaintiff received notice of the deeds when they were recorded by Robert Robinette. We note the general rule, expressed in *Pittman v. Pittman*, 247 Ala. 458, 25 So.2d 26, that the notice contemplated by the recording statutes affects subsequent parties and not those antecedent in the chain of title. While the opposite result was apparently reached in the case of *Cooper v. Cooper*, 273 Ala. 694, 144 So.2d 62, cited to us by counsel for defendant, it can be distinguished from the instant case. The result in *Cooper* was based on special circumstances involving a deed in fact conditional but which appeared on its face to be regular, and which was actually executed by the grantors. Such are not the facts here, and we cannot agree that plaintiff received constructive notice of deeds she did not execute by virtue of their recordation.

■■■ Defendant finally argues that the defectively acknowledged deeds will be given effect as agreements to convey. This result will not obtain where the grantor did not execute the instrument, as is the case here.

Based on the foregoing discussion, we hold that the trial judge committed no reversible error by cancelling the mortgage from Robert and Linda Robinette to defendant, and by denying defendant's motion for new trial.

All issues presented having been considered, and there being no error in the record, the case is due to be and accordingly is affirmed.

AFFIRMED.

WRIGHT, P. J., and BRADLEY, J., concur.