JONES, Justice.
This case involves the conveyance of 280 acres of land by Mrs. Delia Robert valued at $182,000 and sold for $12,000 to C. H. Hannah and his wife, Lela. The Hannahs subsequently conveyed a portion of the property to Jimmy Hardwick. Two years subsequent to her conveyance-to the Han-nahs, Mrs. Robert conveyed this same property in a charitable trust agreement with the Central Bank of Birmingham.
Mrs. Robert’s complaint alleged that she did not understand the nature of the transaction due to her age (86) and physical and mental condition at the time of the transaction. Subsequent to the filing of this suit, Mrs. Robert died and the suit was revived by the Central National Bánk of Birmingham as trustees of Mrs. Robert’s charitable trust.
The Hannahs had rented this property for fifteen years from Mrs. Robert. The evidence shows that, on the day of conveyance, the Hannahs picked Mrs. Robert up from her house in Birmingham and drove her to Pell City where the property is located. The Hannahs allege that on that day their lawyer apprised Mrs. Robert of the consequences of her action. The lawyer testified in court that Mrs. Robert was aware of her action.
*670 Mrs. Robert had filed suit seeking to set aside the deed, to set aside any conveyance of any part of the property to people not bona fide purchasers for value, and to account for any such sale. Apparently, a pre-trial order was issued stating that Jimmy Hardwick may be a necessary party. Trial was commenced, however, without the Hardwicks and, because of this, the Han-nahs moved for a continuance. Central Bank’s attorney advised the court that their discovery showed that Hardwick was a bona fide purchaser for value and, therefore, not an indispensable party. The trial Judge overruled the motion for continuance.
The trial Judge, hearing the evidence ore tenus without a jury, weighed the conflicting evidence as to Mrs. Robert’s condition on the day of the transaction and found that the Hannahs had exerted undue influence on Mrs. Robert. The trial Judge also found that Mrs. Robert did not have the mental ability to understand the significance of what she was doing. After stating his findings of facts, the Judge decreed that the deed be declared null and void and ordered the conveyance be set aside. The Judge further ordered the Hannahs to account for the money paid them by Jimmy Hardwick in the subsequent conveyance.
Two issues are presented on appeal. The first is whether the trial Court committed reversible error by not requiring Central Bank to add Jimmy Hardwick as a necessary party pursuant to its pre-trial order. Secondly, we must determine whether the trial Court’s finding of undue influence is supported by credible evidence.
As to the first issue, there is some question regarding the addition of Hardwick at pre-trial as an indispensable party. It appears that the trial Judge merely expressed his opinion that Hardwick may be a necessary party. In any event, Rule 16, ARCP, states that a pre-trial order may be amended at trial by the judge to prevent manifest injustice.
The Hannahs agreed that Hardwick was a bona fide purchaser for value. The Court, properly exercising its discretion, determined that the Hardwicks were not necessary parties. Hardwick did not fulfill the requirements set out in Rule 19, ARCP, to qualify as a necessary party. His interest was not and could not have been affected by the findings of the trial Judge. We say this because the relief prayed for in the complaint asks for an accounting for any property sold to bona fide purchasers. As stated in paragraph 9 of the complaint, “. . . the plaintiffs will seek court approval to amend their complaint by adding the aforesaid Hardwicks as parties defendant to this suit in the event that they do not have the status of bona fide purchasers for value.” The Hannahs must not be allowed to complain of surprise at the trial Judge’s actions when they knew that the Hardwicks were bona fide purchasers and were put on notice by Central’s complaint as to the action Central would take when this determination was made.
As to the second issue, the Hannahs request this Court to set aside the findings of the trial Judge that undue influence was exerted upon Mrs. Robert and that she did not understand the consequences of her action.
There is no question that conflicting evidence was presented in this case concerning undue influence and Mrs. Robert’s capacity. However, as this Court stated in Gamble v. Moore, 278 Ala. 104, 176 So.2d 35 (1965), where testimony in an equity suit to have a deed declared void was taken ore tenus, any conflict in evidence could better be resolved by the trial court rather than an appellate court. Mr. Justice Bloodworth, speaking for the Court in Rafield v. Johnson, 294 Ala. 235, 314 So.2d 695 (1975), stated, “This rule is especially applicable when, as here, the oral testimony of witnesses is in direct conflict and some of the testimony supports the trial court’s findings.”
We find ample credible evidence to support the trial Judge’s findings. Thus, we affirm.
AFFIRMED.
*671 MADDOX, ALMON and EMBRY, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.