This appeal is from a judgment upholding the validity of a settlement agreement between appellant, Daniel R. Hawk, Sr., and appellees, Joseph A. Biggio, Jr. and Institutional Grocers, Inc. (Institutional). The issue is whether Hawk's attorney was authorized to negotiate the agreement. We hold he was and affirm.
The settlement agreement between the parties concerned two actions filed by Hawk against Biggio and Institutional and a cross claim by Hawk against Biggio and Institutional in an action by another party against him, Biggio and Institutional. Hawk and his attorney negotiated with the attorneys for Biggio and Institutional in an effort to settle the cases for less than the full amount claimed. Although these negotiations proved unsuccessful, Hawk's attorney later made an offer in writing to "dismiss all suits against Mr. Biggio now pending" in exchange for Mr. Biggio's payment of half the amount sought by the plaintiff in the third lawsuit.[1] Biggio accepted the *Page 304 
offer and paid half the claim, but Hawk then refused to dismiss the suits. Biggio and Institutional brought this action to enforce the agreement. The trial court after hearing the evidence ore tenus found as a matter of fact that a dismissal with prejudice was intended by the parties and entered judgment in favor of Biggio and Institutional dismissing with prejudice both actions and Hawk's cross claim against Biggio and Institutional in the third action. Hawk's motion for new trial was denied and this appeal ensued.
Hawk contends his motion for a new trial should have been granted because the evidence failed to show his attorney had the authority to make the settlement. The trial court held, as a matter of law, that Hawk's attorney had authority to make the settlement, apparently relying on Code 1975, § 34-3-21. That section provides:
 "An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court."
This provision, however, is not dispositive of the issue. This court in Senn v. Joseph, 106 Ala. 454, 17 So. 543 (1895), held:
 "* * * The statute does not enlarge the duties of an attorney, nor give him authority to compromise the claim of his client, whether liquidated or unliquidated, admitted or controverted. * * *"
The question is thus one of fact to be determined by the fact finder, in this case the trial judge.
Hawk maintains that because there is no evidence that his attorney had the authority to make the settlement and because the trial court made no finding of fact that the attorney had such authority, the judgment must be reversed. Of particular importance to this contention is the fact that Hawk's attorney testified that he did not have the authority to make the settlement.
Nevertheless, there was evidence that Hawk had been participating in the negotiations and was kept informed as to the progress of the negotiations. There was also evidence indicating that Hawk's attorney was authorized to make a settlement for him. Although the trial court did not make a specific finding that the attorney was authorized to make the settlement which was actually made, such a finding is implicit in the trial court's judgment. The rule is that, where the trial judge does not make an express finding of a particular fact, this court will assume that he found that fact if the finding of it was necessary to support his judgment, unless the finding would be clearly erroneous and against the great weight and preponderance of the evidence. See Lipscomb v. Tucker,294 Ala. 246, 314 So.2d 840 (1975).
In this case the trial court heard the evidence ore tenus.
Its judgment is amply supported by credible evidence and under the well settled rule of review we must, therefore, affirm.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.
[1] Hawk's attorney on this appeal is not the attorney who represented him in the negotiations to which this opinion refers.