This is an appeal from the denial of a Rule 59 (a), ARCP, motion for new trial of defendants, Cora Hill, Bessie Hill and Mary Julia Hill, in an action for equitable partition of real property among joint owners in which there was a settlement agreement incorporated into the final judgment. We affirm.
 Issue
Did the trial court abuse its discretion by denying defendants' Rule 59 (a) motion for new trial?
 Facts
Plaintiffs, Laura Lee Cherry and Jennie Hill, filed a bill for partition of real property. Defendants Cora Hill, Bessie Hill and Mary Julia Hill, filed an answer denying the necessity or the desirability of partitioning the property and alleging that Jennie Hill was mentally incompetent.
On the day set for trial, with all parties present together with their respective attorneys, a settlement agreement was reached. The trial court asked the parties if they understood that the agreement would be final and part of the court's decree. The parties did not respond, but their respective attorneys answered in the affirmative. Whereupon, defendants' attorney dictated the agreement into the record and later drafted the final judgment incorporating it. It is that judgment which defendants seek to set aside.
Defendants soon became dissatisfied and filed their 59 (a) motion for new trial founded on these bases: (1) they did not understand or appreciate the legal ramifications of the agreement; (2) the agreement as stated in the decree works a hardship on them as well as an inequitable distribution of the property in question; and (3) they did not know and were not informed that the settlement agreement would be a final and conclusive settlement of the case.
 Decision
Defendants contend that Rule 60 (b), ARCP, required the trial court to set aside the final judgment and order a new trial because: (1) they were not familiar with legal terminology and thus did not understand the agreement dictated into the record; (2) the agreement dictated was not what they had agreed to; (3) their attorney entered into the agreement when it was contrary to what they had agreed to; and (4) they did not know the hearing they attended was to be a final hearing and believed the property would be surveyed and appraised before any final hearing. They further contend the trial court abused its discretion by denying their motion for new trial because the partition as set out in *Page 592 
the final judgment was inequitable and would work a hardship on them. We do not agree.
We point out the motion filed with the trial court was a Rule 59 (a) motion and not a motion for relief from judgment or order under Rule 60 (b), ARCP, although 60 (b) grounds are alleged. Granting or refusing a motion for new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed by this court unless some legal right was abused and the record plainly and palpably shows the trial court was in error. Robertson Banking Co. v. Ebersole,331 So.2d 278 (Ala. 1976). The trial court has greater latitude in granting a Rule 59 (a) motion for new trial than it has in granting a Rule 60 (b) motion. See, e.g., Cumberland CapitalCorp., Inc. v. Robinette, 57 Ala. App. 697, 331 So.2d 709
(1976). In this case the trial court did not abuse its discretion in declining to set aside the consent decree and grant a new trial, regardless of which rule is applied.
Defendants were present in the courtroom when the agreement was dictated into the record. The trial judge expressly asked all parties if they understood that the agreement would be final and part of the court's decree. Moreover, defendants' own attorney drafted the final judgment incorporating the agreement. From the record it is clear defendants were not misled. All this being true, and the law looking with favor both upon the finality of judgments and the settlement of disputes, we find no abuse of discretion by the trial court when the motion was denied; quite to the contrary. See Maddoxv. Druid City Hospital Board, 357 So.2d 974 (Ala. 1978), and cases cited therein.
In Hawk v. Biggio, 372 So.2d 303 (1979), we upheld a trial court's denial of a motion for new trial in a similar case where a party was attempting to renege on a settlement agreement. In Hawk we held the trial court was correct in deciding the appellant's attorney was authorized to make a settlement agreement. We held in that case the evidence demonstrated the appellant was kept informed and participated in the settlement negotiations; therefore, the trial court was correct in enforcing the settlement agreement entered into between the parties. We reach the same conclusion and result in this case.
The trial court's denial of the Rule 59 (a) motion for new trial is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.