ADAMS, Justice.
This appeal comes to us from the Circuit Court for Cherokee County. Plaintiffs filed a complaint seeking a declaratory judgment and relief involving certain disputed lands. Specifically, regarding the disputed lands, plaintiffs sought a construction of the deeds, an accounting of the proceeds from the sale of the lands, the setting aside of the conveyances, an appraisal, and, a decree ordering a sale of the lands and a division of the proceeds among the heirs. The trial court granted defendants’ motions for summary judgment pursuant to Rule 56, Alabama Rules of Civil Procedure. From that judgment, plaintiffs appeal.
Plaintiffs, Imer B. Abernathy and Lester Ingram are children of C. P. Ingram, who died intestate in Cherokee County in 1940. They were over 21 when C. P. Ingram died. The other plaintiffs are the children of Ada McDaniel, deceased, a daughter of C. P. Ingram. McDaniel also was over 21 at the time of his death. Plaintiffs brought action against Margaret Ingram Mitchell, widow of C. P. Ingram, and her present husband, Barney Mitchell. Defendants Laura Ingram Mitchell and Billy Joe Ingram were minor children of C. P. Ingram at the time of his death. Defendant Doris Ingram is the wife of Billy Joe Ingram. Defendants Clifford Roe and Annie Ruth Roe purchased a portion of the disputed lands. Anniston Production Credit Association, also named as a defendant, holds the mortgage on the land purchased by the Roes.
The issue presented by this appeal is whether defendants are entitled to the granting of summary judgment against plaintiffs’ action. We hold that defendants were entitled to have their motion for summary judgment granted and we affirm the judgment of the trial court.
In 1940 when C. P. Ingram died, his widow, Margaret Ingram Mitchell, petitioned the Cherokee County Probate Court to set aside to her and her minor children, the real and personal property allowed under the homestead exemption under then Code 1923, § 7927 et seq.[1] The probate court appointed two commissioners to make an inventory and appraisal of the real and personal property of C. P. Ingram. In pertinent part, the commissioners’ report found that the decedent’s homestead was a parcel of land containing approximately 100 acres and valued at $1,000.00. The probate court set off and allotted the decedent's lands to Margaret Ingram Mitchell, Laura Ingram Mitchell, and Billy Joe Ingram as homestead. The probate court’s decree set off and allotted the property to them in fee simple. The lands were held by the widow and minor children until 1978, at which time they began to divide and convey the disputed lands. In 1980, when plaintiffs learned of defendants’ activities, they commenced the instant action.
Despite the fact that the probate court’s records recite that notice of the proceeding to set aside a homestead exemption was provided to both resident and non-resident next of kin, plaintiffs allege neither they, nor their predecessor, received notice of the proceeding as required by law. Because, as plaintiffs argue, they lacked notice that complied with the statutory requirements, they theorize that the probate court's decree setting aside a homestead in fee simple to the widow and minor children is void. *864 the affidavit of Medith Howell, a granddaughter of C. P. Ingram, and plaintiff in the instant case. In her affidavit, Howell states that plaintiffs and their predecessor were aware that homestead and dower rights had been set aside for the widow and minor children. Howell stated further that plaintiffs consulted with attorneys who advised them that the widow received only a life estate in the disputed lands which could not be divided until her death. According to Howell, that did not disturb the plaintiffs “nor was it violently against [their] wishes.” However, Howell states that when plaintiffs learned of the defendants’ conveyances, they commenced this action to determine their interests in the former lands of C. P. Ingram.
Our review of the propriety of a trial court’s order granting summary judgment is well defined and was noted recently in Harold Brown Builders, Inc. v. Jordan Company, 401 So.2d 36 (Ala.1981):
This court has said, considering the question of the appropriateness of summary judgment, that:
In determining whether a summary judgment is proper, the ultimate question is whether there remains a genuine issue of material fact, and if there is one, summary judgment is inappropriate, Rule 56(e) ARCP; 6 Moore’s Fed.Prac., par. 56.15 (2nd ed. 1971). Put in another way, “[W]here the evi-dentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.”
First National Bank of Birmingham v. Culberson, 342 So.2d 347, 351 (Ala.1977). More recently, the court observed in Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala.1979), that the scintilla evidence rule applies to summary judgment motions:
This rule must be considered in the context of the scintilla evidence rule applicable in Alabama. Thus, if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted. Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the nonmovant. Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976).
Applying the above-cited principles to this appeal, we are of the opinion that the trial court could have properly granted summary judgment against the plaintiffs on the ground of their delay in commencing action, a defense raised by defendants. This court has held in cases involving homestead proceedings that where fraud has been alleged, a party who is injured and without notice of the proceeding, and not wanting in diligence under the circumstances, may seek equitable relief. Williams v. Overcast, 229 Ala. 119, 155 So. 543 (1934); Quick v. McDonald, 214 Ala. 587, 108 So. 529 (1926). The fraud complained of must have affected the decree that plaintiffs seek to attack. Williams v. Overcast, supra. In the instant case, the only fraud complained of is an allegation that the conveyances during and after 1978 worked a fraud upon plaintiffs by depriving them of their inheritance. Additionally, nowhere in plaintiffs’ pleadings as amended, is it asserted that the decree of the probate court was legally or factually incorrect. They have merely alleged that the decree is void because they were not provided notice according to law.
In Urquhart v. McDonald, 252 Ala. 505, 42 So.2d 9 (1949), this court considered a fact situation where heirs filed a bill in equity to cancel a probate court decree setting apart a homestead exemption in fee simple to the widow. The heirs alleged that they received no notice of the probate court proceedings. The bill in equity was filed more than 17 years after the probate court’s decree, but it did not contain an allegation of facts to excuse the delay. This court sustained a demurrer to the heirs’ bill in equity, noting “such a bill . . . *865 must allege with precision and accuracy not only when but how complainant came into a knowledge of the various facts alleged as constituting the right sought to be enforced.” Urquhart v. McDonald, at 252 Ala. 506. In the instant case, plaintiffs’ excuse for not commencing an appropriate action earlier is that they relied upon the advice of their attorneys who advised them that the widow received only a life estate. In Cooper v. Cooper, 273 Ala. 694, 696, 144 So.2d 62, 64 (1962), this court noted the principle that:
The complainants cannot be heard to say that they were lulled into inaction by erroneous advice of an attorney. We do no intimate that this advice was erroneous, but observe that the omissions, as well as the commissions, of an attorney are to be regarded as the acts of the client whom he represents, and his neglect is equivalent to the neglect of the client himself. See 7 C.J.S. Attorney and Client § 67.
Accordingly, it is clear that plaintiffs are wanting in diligence in commencing this action. Although there are undoubtedly other bases upon which summary judgment dismissing plaintiffs’ action could be granted, it is our opinion that the above-cited reasons properly allow us to uphold the judgment of the trial court.
AFFIRMED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C. J., concurs in result.

. Although both plaintiffs and defendants have cited to the Code of 1940, we observe that the Code of 1923 was applicable to the proceeding to set off and allocate homestead for the widow and minor children of C. P. Ingram. The disparity is one of citation only and effects no substantive change on the positions of the parties.