WRIGHT, Presiding Judge.
This case arises from an accident between an automobile operated by. defendant Lucas, Jr. and an automobile occupied by plaintiff Pipkin. The automobile operated by Lucas, Jr. was owned by Lucas, Sr. Defendants are insured by State Farm Mutual Automobile Insurance Company, also an original defendant.
Pipkin and her husband brought suit against defendants Lucas, alleging personal injuries, loss of earning capacity and loss of consortium, and against State Farm, alleging failure to pay plaintiffs benefits due as a result of the accident. State Farm moved for a summary judgment, which was granted. Subsequently the Lucases moved to enforce a settlement agreement allegedly entered into on their behalf between a claims representative for State Farm and the attorney of record for plaintiffs. The trial court granted the Lucases’ motion and entered a final order in which it found the following pertinent facts.
On March 15, 1983, the Lucases, through their claims representative, made an offer to settle the case for $8,500; and the offer was accepted on behalf of plaintiffs by their attorney of record. Subsequently, State Farm forwarded a draft in the amount of $7,889.06 to plaintiffs’ attorney.[1] The attorney returned the draft with a letter stating that plaintiffs had decided not to accept the agreed-upon figure. The attorney then withdrew his representation of plaintiffs. Plaintiffs obtained new counsel who opposed defendant’s motion to enforce settlement, and who now represents plaintiffs on appeal.
The question on appeal is whether plaintiffs’ original attorney was authorized to negotiate and enter a binding settlement on behalf of plaintiffs. Plaintiffs contend that he lacked such authority and therefore they are not bound by any agreement made between him and State Farm.
We find the ease of Hawk v. Biggio, 372 So.2d 303 (Ala.1979), dispositive of this case. In that case the court noted that § 34-3-21, Code of Alabama 1975, provides that “[A]n attorney has the authority to bind his client in any action or proceeding, by any agreement in relation to such case.... The statute does not enlarge the duties of an attorney, nor give him authority to compromise the claim of his client....” Hawk v. Biggio, supra at 304, quoting Senn v. Joseph, 106 Ala. 454, 17 So. 543 (1895).
Whether an attorney is authorized to bind his client is a question of fact to be determined by the fact finder, which is the trial judge in this case. Such was the common law. As in Hawk v. Biggio, supra, the trial court in this case did not specifically find that plaintiffs’ attorney was authorized to make the settlement; however, such a finding is implicit in the trial court’s judgment.
“The rule is that, where the trial judge does not make an express finding of a particular fact, this court will assume *348 that he found that fact if the finding of it was necessary to support his judgment, unless the finding would be clearly erroneous and against the great weight and preponderance of the evidence. See, Lipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840 (1975).”
372 So.2d at 304.
We note that as this case was heard ore tenus, it comes to this court clothed with a presumption of correctness. In view of the ore tenus rule and the decision in Hawk v. Biggio, supra, we hereby affirm the trial court’s judgment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. The remaining $610.94 had been previously advanced to plaintiffs.