WRIGHT, Presiding Judge.
The mother appeals the termination of her parental rights. We affirm the judgment awarding permanent legal custody of her daughter to the State Department of Pensions and Security.
*173 Debbie Turney is the mother of six-year-old Bobbie Jo Iyobebe. Turney appears to be permanently estranged from her present husband. Neither the biologic or adoptive father has played any parental role in the life of the child since her birth. The present husband is neither the biologic or legal father. The biologic and adoptive fathers’ parental rights were terminated without challenge at the first hearing in this case on the ground of abandonment. At that action, the court held that there was not clear and convincing evidence that termination of the mother’s parental rights would be in the best interests of her child and ordered that the State Department of Pensions and Security (DPS) submit a plan for the mother and child reunion. Bobbie Jo was then in the temporary custody of DPS and had been for some two years as the result of her suspected sexual abuse by the mother.
Within thirty days of that order, the mother had been indicted and was in jail in Madison County on a felony charge. It was discovered that she had two forgery warrants and a grand jury indictment for forgery in Russellville, Alabama. The police department there issued a hold on the mother in the event she was released from the Madison County jail.
DPS filed a motion for new trial and in the alternative a motion to amend, alter or vacate the earlier judgment. The court granted the motion for a new trial.
At the second trial, evidence was presented concerning the mother’s criminal record and her present incarceration. At the conclusion of the trial, the court terminated the mother’s parental rights. It is from that order which the mother appeals.
Appellant contends that her right to due process has been violated by the trial court’s termination of parental rights solely, as she claims, on the basis of the newly discovered evidence. She contends that termination of her parental rights on the basis of criminal charges, before her guilt or innocence has been determined, is unconstitutional. The trial judge made a point of not basing his ruling on such evidence. Rather, he based it in part on the probability that “from all appearances she’s going to be incarcerated for some period of time even if she comes off scot-free in all these charges.... ” The court was well within its sound discretion in granting a new trial and in terminating the mother’s parental rights. See Hill v. Cherry, 379 So.2d 590 (Ala.1980); and § 26-18-7, Code of Alabama 1975.
At the time of the first trial, the court was not apprised of the mother’s prior indictment for forgery, nor could it have been of her incarceration for theft, which occurred subsequent to the first trial. The applicable statute specifically provides for the consideration of conviction of and imprisonment for a felony, as a ground for termination of parental rights. § 26-18-7(a)(4), Code of Alabama 1975. Appellant’s contention that she did not receive the process due her under the Constitution is without merit. The fact of the mother’s incarceration for felonious theft after the first trial and evidence of previous indictment for forgery were pertinent and legal factors for the court to consider, together with the previous evidence, in determining the future of the mother-child relationship. The total evidence provides clear and convincing support of the court’s determination of the dependency and future best interest of the child. The court’s order terminating parental rights and awarding permanent custody to DPS was proper and is affirmed.
FACTS
The evidence included the following: The appellant has three other children, one of whom lives with her mother. The other two live with another former husband and their whereabouts is unknown. Appellant was released from Tutwiler Prison prior to delivery of the child in question, after serving two months of a year-and-a-day sentence for forgery. There were a number of injuries to the child that were thought by medical personnel to be of a suspicious nature, which included: a “smashed” fin *174 ger, several small round marks resembling cigarette burns on the child’s buttocks, a broken collarbone when the child was a year old, a fractured skull, and a reinjury to the fractured skull. There was evidence presented that the child was not well cared for in terms of supervision and basic necessities; that the mother did not satisfactorily avail herself of DPS services aimed at rehabilitation for the purpose of returning custody to the mother; that appellant suffered from character disorders, making it difficult for her to respond to therapy or to be an effective parent. Finally, the mother’s explanation for her daughter’s vaginal injury, especially in light of the fact that the hymen was not intact, did not convince attending medical personnel that it was accidental. In a case of this kind, the ultimate consideration is the best interests of the child. Borsdorf v. Mills, 49 Ala. App. 658, 275 So.2d 338 (1973). The court found by clear and convincing evidence that the child was dependent, § 12-15-65(e), Code of Alabama 1975, and that there were no viable alternatives to the termination of parental rights. Glover v. Alabama Department of Pensions and Security, 401 So.2d 786 (Ala.Civ.App.1981).
The judgment terminating the mother’s parental rights in her child is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.