SHORES, Justice.
This case involves a stockholders’ dispute within a family-owned corporation. The trial court upheld a stipulation of settlement made in open court by counsel for the parties. The plaintiffs appeal. We affirm.
The Frances F. Green Corporation is a close corporation formed in Montgomery, Alabama, on December 31, 1973, by nine stockholders, who are brothers and sisters, for the purpose of managing jointly held property. On December 1, 1987, stockholders Annie M. Lee, Mary Griffin, and Carrie G. Wilson sued for an accounting and other relief.[1] After filing suit, the plaintiffs obtained proxies from two of the inactive stockholders. On March 14, 1988, the plaintiffs (the “Lee board”) held a meeting and elected themselves to the board of directors, ejecting the “Green board.”
The case was called for trial on July 9, 1988. After prolonged discussion, the parties entered into a stipulation of settlement in open court as to the major issues of the lawsuit.[2] Despite the settlement, the parties continued to disagree. On January 14, 1992, the trial judge issued a 32-page order, which included a comprehensive summary of the proceedings to that date. An interim order followed a hearing held on January 23, 1992; in that order the trial judge detailed the failure of the corporate officers to provide information to the court and to counsel. On June 18, 1992, the trial judge entered an order finding an accounting performed by Moses & Moses to be accurate, and holding the parties bound by the settlement agreement. This order was made final on December 28, 1992, pursuant to Rule 54(b), A.R.Civ.P. The plaintiffs appealed.
We have carefully reviewed the briefs and the voluminous record in this case, and hold that the judgment of the trial court is due to be affirmed. The record reflects that seven of the nine shareholders were before the court; they agreed to the settlement.
“Where a trial court finds that an attorney has authority to enter into a settlement agreement and an agreement is made in writing or by an entry of the agreement on the trial court record, the client will be bound.”
Jones v. Stedman, 595 So.2d 1355 (Ala.1992); Prestwood v. Watson, 111 Ala. 604, 20 So. 600 (1896); Hawk v. Biggio, 372 So.2d 303 (Ala.1979); Hanson v. Hearn, 521 So.2d 953 (Ala.1988).
We further note that the trial judge in this case has had this case before him for over four years. He has heard hours of testimony and studied volumes of documents concerning this corporation.
“Under the ‘ore tenus rule,’ a presumption of correctness accompanies the *1259 trial court’s judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); McCrary v. Butler, 540 So.2d 736 (Ala.1989).”
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala.1989).
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.

. Originally named as defendants were George G. Green (president), Vashti Lee (vice president), Jessie R. Hubbard (secretary-treasurer), and Frank Green (a shareholder).

. The only issues remaining were (1) whether the corporation should be dissolved and what fees, court costs, and expenses, if any, the corporation should pay to either side’s attorneys.