L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from a summary judgment. The relevant facts are as follows:
On July 1, 1991, Greg and Jeannette Roili-son purchased five acres of land, a house, and a barn from James and Sandra Pace. As part of the purchase, the Rollisons executed a vendor’s lien, naming the Paces as lienhold-ers. The purchase price of $100,000 was to be paid through a down payment, plus monthly installments of $945.74. Pursuant to the terms of the lien, the Rollisons obtained fire insurance through Colonial Penn Insurance Company, which listed the Paces as the first mortgagee. The Rollisons made the premium payments.
On November 28, 1993, the Rollisons’ home was damaged by fire. The Rollisons filed a claim with Colonial Penn on their fire insurance policy. In December 1993 Sandra Pace contacted Colonial Penn regarding temporary repairs to the Rollisons’ home.
The Rollisons were unable to continue paying the installments due under the vendor’s lien. By early January 1994, the Paces decided to institute foreclosure proceedings. The vendor’s lien provided the Paces with the right to proceed with judicial foreclosure in the event that there was a default by the Rollisons.
On January 7,1994, the Paces, with the aid of an attorney, initiated foreclosure proceedings against the Rollisons. The Paces’ attorney notified Colonial Penn of the initiation of the foreclosure proceedings. At the time of the initiation, the indebtedness remaining on the Rollisons’ property was $83,595.52.
On March 17, 1994, the Paces finalized the proceedings by purchasing the property at the foreclosure sale. The purchase price was $86,148.17, which was approximately $3,000 in excess of the outstanding indebtedness.
Following the foreclosure, the Paces’ attorney notified Colonial Penn of the transfer of ownership. The Paces made their first demand for payment of the insurance proceeds at that time. Subsequently, Colonial Penn determined that the Paces had extinguished their insurable interest due to the foreclosure in excess of the indebtedness.
The Paces filed an action against Colonial Penn, alleging breach of contract, bad faith failure to investigate, bad faith failure to pay their claim, fraud, fraudulent suppression, fraudulent concealment, and promissory fraud. The Paces voluntarily dismissed their claims for fraud. Colonial Penn filed a motion for a summary judgment, asserting that the “foreclosure after loss rule” precluded payment to the Paces. In particular, Colonial Penn asserted that the law of Alabama *371 dictated that the foreclosure by the Paces for an amount in excess of the indebtedness owed by the Rollisons eliminated the Paces’ insurable interest. The trial court granted Colonial Penn’s motion for a summary judgment. The Paces appeal. This case is before us pursuant to § 12-2-7(6), Code 1975.
The dispositive issue on this appeal is whether the “foreclosure after loss rule” applies to the facts of this case.
The “foreclosure after loss rule” was established by the Alabama Supreme Court in Aetna Ins. Co. v. Baldwin County Bldg. & Loan Ass’n, 231 Ala. 102, 163 So. 604 (1935). The rule provides that if there is a foreclosure upon mortgaged property after the property has sustained a loss or damage, the mortgagee may elect one of two remedies. The mortgagee may collect the insurance proceeds arising from the damage to the property in satisfaction of the full mortgage debt, up to the limits of the policy. Alternatively, the mortgagee may seek repayment through a foreclosure sale. If the sale does not fully satisfy the debt, the mortgagee may recover the balance from the insurance proceeds. If the sale, however, does satisfy the debt, the mortgagee has no further claim upon the insurance proceeds. Baldwin County Bldg. & Loan Ass’n; Ex parte Chrysler First Financial Serv. Corp., 608 So.2d 734 (Ala.1992).
A motion for a summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald.
The material fact at issue in this appeal is undisputed. That is, the Paces chose to foreclose on the property. Their decision was premised on the advice of their attorney. Under such circumstances the Paces cannot escape the consequences of the “foreclosure after loss rule.” The effect of the foreclosure was to eliminate any rights the Paces may have had to the insurance proceeds and to vest in the Rollisons the right to any and all insurance proceeds issued under the terms of the policy. Accordingly, since the Rollisons are entitled to the proceeds, Colonial Penn could not have breached the contract through its refusal to issue a check to the Paces. Summary judgment was properly entered on the breach of contract claim.
The Paces assert that the trial court erred in entering a summary judgment against them on their bad faith claims.
In National Security Fire & Casualty Co. v. Bowen, 417 So.2d 179 (Ala.1982), our supreme court stated that in order for a plaintiff to prevail on a bad faith claim,
“[the] plaintiff must go beyond a mere showing of nonpayment and prove a bad faith nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim.”
(Emphasis in original.)
The applicability of the “foreclosure after loss rule” gave Colonial Penn a legal and factual defense to the Paces’ claim. The entry of a summary judgment on the bad faith claims was proper.
The Paces contend that the trial court erred in entering a summary judgment against them on their promissory fraud claim.
In order to prove promissory fraud, a plaintiff must show “(1) a misrepresentation; (2) of a material existing fact; (3) upon which the plaintiff justifiably relied; (4) which proximately caused injury or damage to the plaintiff.” Vance v. Huff, 568 So.2d 745 (Ala.1990). In addition, the plaintiff must present substantial evidence proving that at the time the misrepresentation was made, the defendant intended not to do the acts promised and intended to deceive the plaintiff. Vance.
*372 At best, the Paces claim for promissory fraud is based upon their belief that Colonial Penn should have informed them of the consequences of the foreclosure. They insist that the misrepresentation occurred when Colonial Penn allegedly told them, after Colonial Penn was aware of the foreclosure, that they would be entitled to the proceeds of the policy.
It is undisputed that the Paces were represented by an attorney throughout the foreclosure proceedings and throughout their discussions with Colonial Penn. The Paces’ attorney notified Colonial Penn that the foreclosure proceedings had begun. The Paces never informed Colonial Penn of the foreclosure price, nor of any specifics regarding the foreclosure, until after the foreclosure was finalized. The Paces never asked Colonial Penn what effect the foreclosure would have on their claim. It is undisputed that Colonial Penn did not know of the effect of the foreclosure for full value until after the foreclosure occurred.
By securing the sendees of an attorney, the Paces were held to the knowledge and understanding of that attorney. Therefore, the Paces could not have relied on any alleged representation by Colonial Penn regarding the foreclosure and/or the Paces’ claim. The Paces’ claim of reliance directly contradicts the information available to them through their attorney. Osborne v. Weil, 628 So.2d 436 (Ala.1993); Cooper v. Cooper, 273 Ala. 694, 144 So.2d 62 (1962).
The entry of a summary judgment on the promissory fraud claim was not made in error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975.
AFFIRMED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., dissents without opinion.
MONROE, J. dissents.