Rel: April 10, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0867

_____

### Henry K. Morrison

### v.

### Doug Walley

### Appeal from Mobile Circuit Court
### (CV-23-902703)

HANSON, Judge.

This appeal is taken from a summary judgment entered by the Mobile Circuit Court on an ejectment claim asserted by Doug Walley against Henry K. Morrison. In his December 2023 complaint, Walley alleged that he was the owner of a parcel of real property in Mobile

County where Morrison had continued to reside, despite having been given notice to vacate, and that Walley was entitled to be placed in immediate possession of the property; according to an exhibit to his complaint, Walley received from Mary L. Dyess a warranty deed to the property indicating a purchase price of $22,000. Morrison answered the complaint, averring, among other things, that Dyess had not held lawful title to the property, and he asserted a third-party complaint against Dyess and Henderson Pippens, whom he alleged had induced him to execute a deed to the property in favor of Dyess instead of an instrument evidencing a mortgage or a lien representing a $5,000 loan.

In August 2024, Walley moved for a summary judgment on his claim, supported by a brief and his affidavit, after which Morrison filed a response in opposition, supported by his own affidavit, in which he posited that the deed from him to Dyess had been procured by fraud and that he had lacked the capacity to execute it. Walley moved in February 2025 for the case to be set for trial, noting that no party had demanded a jury trial; however, on March 18, 2025, the circuit court entered an order granting Walley's summary-judgment motion. Morrison filed a notice of appeal as to that order; however, because the third-party claims

2

remained pending, this court entered an order dismissing that appeal, and a second appeal was also dismissed because the circuit court had purported to dismiss the third-party claims before the issuance of this court's certificate of judgment. Finally, on October 3, 2025, on the motion of Walley, the circuit court entered an order dismissing the third-party claims, and Morrison timely appealed to this court on October 10, 2025.

In his appellant's brief, Morrison observes that this court is to review a summary judgment de novo, applying the same standard as the trial court; that a summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law; and that the evidence adduced in the trial court is to be viewed in a light most favorable to the nonmovant. He cites Cumberland Capital Corp. v. Robinette, 57 Ala. App. 697, 331 So. 2d 709 (Civ. App. 1976), for the propositions that a deed is void when the grantor's signature is obtained by fraud involving the nature of the instrument itself and that subsequent purchasers of the property are not protected against such a void instrument. He asserts that his own affidavit regarding the circumstances of his execution of the deed to Dyess amounts to substantial evidence that, he says, renders the circuit

court's summary judgment erroneous; that that judgment should be reversed; and that this court should remand the case for trial.

In response to the brief filed by counsel for Morrison, new counsel for Walley, rather than filing a brief pursuant to Rule 28(b), Ala. R. App. P., arguing that the summary judgment was correctly entered, has instead filed a document labeled "Brief of Appellee Conceding Appeal" containing the following statements:

> "COMES NOW the Appellee, DOUG WALLEY, by and through his undersigned counsel, and concedes the appeal of Appellant, Henry K. Morrison, insomuch as [Walley] concedes that additional findings of fact by the trial court are necessary to adjudicate this matter. [Walley] does not make any concessions regarding matters at the trial court level.

> "WHEREFORE, [Walley] prays that this Honorable Court will enter an order vacating the trial court's ... Summary Judgment and remanding ... for further proceedings, and for such other relief as is appropriate in the circumstances."

As our supreme court noted in Lowe v. Nationwide Insurance Co., 521 So. 2d 1309 (Ala. 1988), such a confession of error rises to the level of "an admirable degree of professional candor" that is "consistent with the highest standards of the profession" (521 So. 2d at 1309, 1310); accord Rule 3.2, Ala. R. Prof. Conduct (noting duty of attorneys to "make reasonable efforts to expedite litigation consistent with the interests of

4

the client").  We further note that Morrison has filed no brief in reply contesting Walley's statements in his concessionary "brief."

Although, as this court recently noted in Professional Education Services Group, LLC v. Ford, [Ms. CL-2025-0215, Feb. 13, 2026] ___ So. 3d ___ (Ala. Civ. App. 2026), a confession of error does not absolutely bind an appellate court, it is properly acted upon when it is well grounded, as in this appeal.  "The summary judgment procedure is not a substitute for a trial on disputed issues of fact and cannot be used to deprive a litigant of a proper trial to resolve genuine issues of material fact."  Duckett v. Wilson Hotel Mgmt. Co., 669 So. 2d 977, 979 (Ala. Civ. App. 1995).  If the circuit court, after such a "proper trial," believes Morrison's testimonial account of the circumstances of his having conveyed the property to Dyess, it may well determine that Walley is not entitled to relief on his ejectment claim; conversely, the circuit court may determine that Morrison's testimony is not due to be credited.  However, we deem the appropriate disposition of this appeal to be that which the parties themselves have suggested.

The summary judgment entered by the Mobile Circuit Court is reversed, and the cause is remanded for further proceedings consistent

with this opinion.

REVERSED AND REMANDED.

Moore, P.J., and Edwards, Fridy, and Bowden, JJ., concur.