Jesse E. Marshall ("guardian") was appointed guardian of his mother, Eliska Marshall Cooper ("ward"), in November 1984.[1] The ward died in January 1985, and, following protracted litigation over the validity of her will, the guardian, in December 1989, petitioned for settlement of the guardianship. Attorney Al Vreeland was appointed administrator ad litem by the trial court to represent the interests of the ward's estate in the settlement proceedings. The guardian's petition for settlement was opposed by the ward's daughter, Sarah Marshall, and the ward's grandson, Lowery Parker, Jr. Following a pretrial conference, the trial court, by a written order, set a hearing on the settlement for June 5, 1990.
Following the June 5 hearing, at which only the guardian and Vreeland appeared, the trial court approved the settlement of the guardianship. Thereafter, Marshall and Parker filed a motion to alter, amend, or vacate the order approving the settlement. *Page 811 
The trial court denied the motion. Parker, Marshall, and Vreeland appealed.
Three issues are raised in this appeal. First, each of the appellants argues that the trial court did not give them an adequate opportunity to present, before the trial court, their arguments in opposition to the settlement of the guardianship, and, by that failure, erred. Second, appellants Marshall and Parker argue that the trial court erred in the procedure it followed in approving the guardian's settlement petition. Third, appellants Marshall and Parker argue that they were improperly deprived of a right to a jury determination of their claims in opposition to the settlement of the guardianship.
As to each appellant's argument that they were not given the opportunity to be heard on the matter, they assert that they were not made aware that a hearing set by the trial court for June 5, 1990, was to be the final settlement hearing. Vreeland contends that because he was led to believe that the June 5 court date was to be a second pretrial conference, he was not adequately prepared to present his concerns as to the ward's estate. Likewise, Marshall and Parker give the same reason as Vreeland for their failure to personally attend the June 5 hearing or to be represented by counsel.
Before addressing this first argument, however, we must examine the issue of whether the trial court erred in refusing to accept Vreeland's written statements concerning conversations that took place at the April 10, 1990, pretrial conference. The statements here advanced by Vreeland, purportedly made pursuant to Rule 10(d), A.R.App.P., outline the reasons the appellants say they believed that the June 5 court date was to be another pretrial conference.
In refusing to approve these statements by Vreeland, the trial court concluded:
 "The Statement and Revised Statement of Evidence and Proceedings [do] not attempt to re-create a record of a hearing or a trial. No testimony was taken in this case on either April 10, 1990 or June 5, 1990. The dispute between the parties is over what was said at an in-chambers conference on April 10, 1990. Rule 10(d) A.R.A.P. simply does not apply."
Rule 10(d) provides:
 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection."
The plain language of Rule 10(d) indicates that it pertains only to "evidence or proceedings at a hearing or trial." Here, rather than reconstructing the proceedings or evidence at a hearing or trial, the statements put forth by Vreeland recount conversations that took place at a pretrial conference that was held in the trial judge's chambers. Conversations at a pretrial conference do not fit within the meaning of "evidence or proceedings" as used in Rule 10(d). We hold that Rule 10(d) was not intended to provide a means by which to reconstruct statements that were made at a pretrial conference and that contradict the written orders of the court. Therefore, we find no error by the trial court in refusing to approve the statements of evidence advanced by Vreeland.
Because we affirm the trial court's refusal to approve the statements of the evidence offered by Vreeland, as well as the appellee's response to those statements, we will not consider the statements in reaching our decision on the merits of this appeal, even though they are included in the record on appeal.See State ex rel. Gibson v. Gibson, 555 So.2d 1092
(Ala.Civ.App. 1989).
Disregarding the parties' statements of the evidence, we find nothing in the record to suggest that it was ever contemplated that the June 5, 1990, hearing be anything other than a hearing on the merits of the settlement. To the contrary, the trial court's order of April 13, 1990, clearly indicates that on June 5, 1990, at 9:00 a.m., a hearing on the settlement of the guardianship would be held. The trial court ordered the guardian to cause proper notice of the settlement to be given as *Page 812 
required by law. The record further indicates that publication of notice of the hearing on the settlement was given in accord with § 26-5-33, Ala. Code 1975. In light of this evidence contained in the record, we find no merit in the appellants' contention that they were denied the opportunity to present their case regarding the settlement of this guardianship.
The second issue raised is whether the trial court erred in the procedure it followed in approving the guardian's petition for settlement. The record reveals that the guardian filed his petition for final settlement of the guardianship in December 1989. The petition contained a listing of the assets of the ward and the distribution of those assets that had been made by the guardian. The settlement hearing was then set for April 10, 1990. However, because proper notice was not given prior to the April 10 hearing, the parties, with the trial court's approval, agreed to use the April 10 court date for a pretrial conference. At that conference, the attorney for Marshall and Parker agreed to supply the court and the guardian with his clients' objections to the guardian's petition, specifying in particular those disbursements from the ward's assets that Marshall and Parker opposed.
In its order following the pretrial conference, the trial court instructed Marshall and Parker to restate their claims for relief for the court and for the other parties. The trial court also ordered that the hearing on the settlement of the guardianship be held on June 5, 1990. Marshall and Parker failed to appear, or to be represented by counsel, at the June 5, 1990, hearing. Furthermore, between the pretrial conference on April 10 and the settlement hearing on June 5, Marshall and Parker did not file with the trial court or provide to the guardian any statement of relief sought or any statement as to which disbursements made by the guardian were disputed by them.
Section 26-5-8, Ala. Code 1975, provides that upon final settlement of a guardianship, a guardian must file "a full account of the guardianship, accompanied by the vouchers and verified by affidavit." According to § 26-5-10, on the day appointed for the settlement of the guardianship, the court is to "examine the vouchers and . . . audit and state the account." While we have found no Alabama cases interpreting the terms "voucher" and "audit and state the account" in the context of the statute regarding settlement of guardianships, we find no error by the trial court in the procedure it followed in approving the settlement of the guardianship in this particular case.
The record shows that at the settlement hearing, the trial court had before it the guardian's settlement petition detailing the assets of the guardianship as well as the manner in which those assets were distributed. The guardian had also set forth a listing of the charges that had been made against the guardianship assets. Furthermore, at the time of the settlement, no challenge to specific disbursements by the guardian had been properly presented. Under these facts, we conclude that the trial court properly approved the settlement of the guardianship.
Marshall and Parker further contend that the trial court erred by refusing to grant a jury trial in this case. They assert that they brought the jury demand to the attention of the trial court in at least two pleadings filed prior to the settlement hearing. The guardian, on the other hand, asserts that the appellants' jury demand was not properly made. The guardian also contends that there was no right to a jury trial in this case.
Assuming, without deciding, that Marshall and Parker properly made their jury demand, we find no error by the trial court in ignoring the demand. The relief sought by Marshall and Parker in their opposition to the guardian's petition for settlement is equitable in nature. It is well settled that there is no right to a jury trial on a claim that is equitable in nature.See Pugh v. Calloway, 295 Ala. 139, 325 So.2d 135 (1976);Shelton v. Shelton, 376 So.2d 740 (Ala.Civ.App. 1979). Therefore, we find no error by the trial court in refusing to grant Marshall and Parker's demand for a jury trial. *Page 813 
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ALMON, ADAMS, STEAGALL and KENNEDY, JJ., concur.
[1] Subsequent to Marshall's appointment as his mother's guardian, the Alabama legislature adopted the Alabama Uniform Guardianship and Protective Proceedings Act. Although the Act, which became effective on January 1, 1988, did not change the substance of the law regarding the procedure to be followed in the settlement of guardianships, it does recognize two fiduciary capacities — namely, that of a "guardian," who is "of the person" and analogous to a parent, and that of a "conservator," who is "of the property" and more closely analogous to a trustee. However, at the time Marshall was appointed, the term "guardian" was used to encompass both of these capacities. Therefore, throughout this opinion, we will refer to Marshall as his mother's "guardian." See § 26-2A-1, Ala. Code 1975, official comment; 1987 Ala. Acts, Act No. 87-590, § 2-332.