The proponent of a will, Pauline Jones, appeals from the denial of a motion to alter, amend, or vacate[1] an order enforcing a settlement agreement. The will contestants, Louise Stedman, Barbara Black, Larry Don Dempsey, Pat Painter, Johnny Junior Thomas, Floyd Thomas, Janette Dempsey Dawkins, Beverly Sue Atkins, and Shirley Manasco, hereinafter collectively referred to as the contestants, had filed a motion to enforce the settlement agreement.
The issue on appeal is whether the trial court erred in determining that Jones had entered into a binding settlement agreement with the contestants in open court.
The alleged settlement agreement stemmed from the following facts: The will contest was to be tried on November 5, 1990. Just prior to trial, the parties' attorneys announced to the judge that a settlement had been reached. Jones's attorney *Page 1356 
went on to state the precise terms of the settlement agreement; the judge then asked the parties if they were in agreement. Counsel for both sides stated that the two sides agreed to the terms stated by Jones's attorney. The evidence shows that Jones was present during these events. Jones states, however, that she sat silently during these statements and, therefore, did not agree to any settlement. She further states that at no time did she authorize her attorney to enter into a settlement on her behalf.
On Jones's motion to alter, amend, or vacate the order enforcing the settlement agreement, the court heard ore tenus
evidence. The court, stating that Jones had been present in open court when the settlement was made, that the settlement had been dictated into the record, and that all of the parties had stated, on the record, their agreement to the settlement, upheld the settlement agreement.
Jones contends on appeal that the court erred in enforcing the settlement agreement without a finding that her attorney had the authority to settle the case on her behalf. She further urges that her attorney lacked the authority to settle the case on her behalf and that, in any event, a contrary finding would be clearly erroneous.
Where a trial court finds that an attorney has the authority to enter into a settlement agreement and an agreement is made in writing or by an entry of the agreement on the trial court record, the client will be bound. Hawk v. Biggio,372 So.2d 303, 304 (Ala. 1979). In the present case there was no express finding by the trial court that Jones's attorney had the authority to enter a settlement on her behalf. However, "[t]he rule is that, where the trial judge does not make an express finding of a particular fact, this Court will assume that he found that fact if [such a finding would be] necessary to support his judgment, unless the finding would be clearly erroneous and against the great weight and preponderance of the evidence." Id.
Jones sat silently while her attorney told the judge that Jones wished to settle her case. Jones remained silent, though capable of hearing and speaking, while her attorney recited in detail the terms of the agreement. We therefore assume, based on this evidence, which we consider sufficient for such a finding, that the trial court found that Jones's attorney had the authority to act on her behalf in agreeing to settle her case, and we affirm.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.
[1] Jones entitled this motion a "motion to reconsider," which we construe to have been a motion to alter, amend, or vacate a judgment pursuant to Ala.R.Civ.P. 59.