[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 884 
The plaintiff, Edna Pauline Jones, as executrix of Ola Edna Wood's estate, appeals from a summary judgment for the defendant, Fred Blanton, Jr. We affirm.
Jones sued under the Alabama Legal Services Liability Act (ALSLA), § 6-5-570 et seq., Ala. Code 1975, alleging that Blanton had breached his duty to comply with the standard of care required of attorneys in this state and that Wood's estate suffered a loss as a result of Blanton's breach of duty. The underlying action was a contest of Wood's will, in which Blanton represented Jones as the proponent of the will. Blanton negotiated a settlement, in which the contestants agreed to release Jones and the estate from all claims in return for $40,000. Jones was present when Blanton read that agreement in open court on November 7, 1990, and she did not object when the court asked, "Is that the agreement of the proponents of the will?" However, Jones subsequently refused to comply with the provisions of the agreement. She failed even to appear at a hearing on the contestants' motion to enforce the settlement agreement. At the hearing, the trial judge ordered Jones to comply with the agreement.
Jones then claimed that Blanton had exceeded his authority as her attorney in negotiating the settlement, that she had never authorized him to enter into such an agreement, and, therefore, that she should not be bound by that agreement. In Jones v.Stedman, 595 So.2d 1355 (Ala. 1992), this Court, with an opinion by Justice Kennedy, affirmed the trial court's denial of Jones's Rule 59(e), Ala.R.Civ.P., motion to alter, amend, or vacate the order enforcing the settlement agreement. That opinion accepted the trial court's implicit finding that because Jones was present when the settlement agreement was announced in open court and failed to object to it, Blanton had the apparent authority to settle the dispute with the contestants. Jones was therefore bound by the agreement. This Court wrote:
 "Just prior to trial, the parties' attorneys announced to the judge that a settlement had been reached. Jones's attorney went on to state the precise terms of the settlement agreement; the judge then asked the parties if they were in agreement. Counsel for both sides stated that the two sides agreed to the terms stated by Jones's attorney. The evidence shows that Jones was present during these events. . . .
 "Jones sat silently while her attorney told the judge that Jones wished to settle her case. Jones remained silent, though capable of hearing and speaking, while her attorney recited in detail the terms of the agreement. We therefore assume, based on this evidence, which we consider sufficient for such a finding, that the trial court found that Jones's attorney had the authority to act on her behalf in agreeing to settle her case, and we affirm." *Page 885 
Jones, 595 So.2d at 1355-56 (emphasis added).
In this case, Jones, as executrix of the Wood estate, is suing Blanton because of what she calls "willful and wrongful actions, failures, omissions, breaches of duty, breaches of conduct, insult, malice, neglect, and other stated wrongs" and "violation of the standard of care applicable to an attorney at law." These actions and this violation, she claims, proximately caused a loss to the estate. The ALSLA states, "There shall be only one form and cause of action against legal service providers in courts in the State of Alabama and it shall be known as the legal service liability action and shall have the meaning as defined herein." § 6-5-573, Ala. Code 1975. Therefore, all of Jones's various claims come within the legal service liability action created by the Legislature. §6-5-570 et seq., Ala. Code 1975.
The sole basis for this action, as Jones admits in her brief, is her contention that Blanton entered into the settlement without proper authority. Because this Court has previously affirmed a trial court's judgment that was based on a finding that Blanton did have authority to settle the will contest, Blanton argues that the present action against him should be barred by the doctrine of collateral estoppel. Blanton further argues that even if there had been any malpractice on his part, the estate's cause of action accrued when the settlement agreement was entered into, i.e., on November 7, 1990. Therefore, he argues, because this action was not commenced until August 16, 1993, more than two years and nine months after the cause of action accrued, it is barred by the two-year statute of limitations for legal service liability actions, § 6-5-574(a), Ala. Code 1975.
However, letters testamentary were not granted to Jones for the Wood estate until August 12, 1992. Jones argues that the running of the statutory period was tolled until that date, which was only one year before she filed this action. The date on which the statutory period should have commenced to run, she says, was the date on which it was first possible for the estate to assert its rights through Jones, its appointed representative. In reply to Blanton's argument that the issues raised in this case have already been decided against her, Jones offers only the bare allegation that the requirements for collateral estoppel have not been met.
 I.
To enter a summary judgment, the trial court must determine (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Berner v. Caldwell,543 So.2d 686 (Ala. 1989); Schoen v. Gulledge,481 So.2d 1094 (Ala. 1985). The standard of review applicable to a summary judgment is the same as the standard for granting the motion: we must determine whether there is a genuine issue as to any material fact and, if not, whether the movant was entitled to a judgment as a matter of law. This Court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986); See also Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990).
 II.
The doctrine of collateral estoppel, like the related doctrine of res judicata,[1] serves to promote the efficient allocation of our limited judicial resources, by preventing the unnecessary and pointless relitigation of issues previously adjudicated. Blanton's argument that Jones's claim should be barred under the doctrine of collateral estoppel is not without merit, but it must fail for two reasons: First, the argument is contrary to present Alabama law. See, e.g., Wheeler v.First Alabama Bank of Birmingham, *Page 886 364 So.2d 1190, 1199 (Ala. 1978); Lott v. Toomey,477 So.2d 316 (Ala. 1985); and Pierce v. Rummell, 535 So.2d 594
(Ala. 1988). Because we are upholding the summary judgment in favor of Blanton on other grounds, we need not consider whether we should overrule those precedents. Second, it is not clear that Blanton would prevail on the merits of that argument even if we were to fashion a new rule in this case.
Collateral estoppel would seem, on a first look, to be appropriate in this case, because the trial court in Jonesv. Stedman, supra, found that Blanton did have the authority to settle the will contest and this Court affirmed the trial court's judgment, relying on that finding. However, Blanton was not a party to that action, and Alabama follows the rule first set out by this Court in Wheeler v. FirstAlabama Bank of Birmingham, 364 So.2d 1190, 1199
(Ala. 1978), and since reaffirmed several times, that the parties to the second action must also have been parties to the first, in order for collateral estoppel to be applicable.
 "Collateral estoppel requires (1) an issue identical to one litigated in the prior suit; (2) that the issue [have] been actually litigated in the prior suit; and (3) that the resolution of that issue have been necessary to the prior judgment. In addition, the parties must have been the same in both suits. Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior suit."
Lott v. Toomey, 477 So.2d 316, 319 (Ala. 1985).
This additional requirement, that the parties be the same in both actions, is known as the doctrine of mutuality of estoppel. It is a judicially created doctrine declaring that unless both parties in a second action are bound by the judgment in a previous case, neither party in the second action should be bound, i.e., a nonparty as to the first action may not use the prior judgment as determinative of the same issue in the second action. See, Blonder-Tongue Laboratories,Inc. v. University of Illinois Foundation, 402 U.S. 313,320-21, 91 S.Ct. 1434, 1439, 28 L.Ed.2d 788, 795 (1971). Although many courts, including the Federal courts, have dispensed with the mutuality requirement, it remains the law in Alabama. Therefore, even though this Court based its judgment in Jones v. Stedman, supra, on a finding that Jones had given Blanton the authority to agree to a settlement, she is not barred from relitigating that issue in the case before us.[2]
Furthermore, we would be rash to abandon the mutuality requirement in this case, and to do so would not determine the outcome here. The first action was between Jones, as the proponent of Wood's will, and several contestants. The trial court found in that case that as between Jones and the will contestants — who were third parties as to any dispute between Jones and Blanton — Blanton had the authority to bind Jones to an agreement. Blanton's authority to bind Jones in that first case was derived from hisapparent authority as her attorney. However, it would be the rare client who had the knowledge and confidence to stand up in a courtroom and declare that her lawyer did not have the authority to act on her behalf. There was never a finding that Jones had expressly given Blanton the authority to settle the dispute. The issue of whether Blanton had the express authority to settle the agreement would have been for the finder of fact, had Jones filed this action within the statutory period.
 III.
Section 6-5-574, Ala. Code 1975, limits the time for commencing a legal service liability action:
 "(a) All legal service liability actions against a legal service provider must be *Page 887 
commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards. . . .
 "(b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitations for the commencement of actions, namely, Sections 6-2-1, 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-15, 6-2-16, 6-2-17, 6-2-30, and 6-2-39. . . ."
§ 6-5-574, Ala. Code 1975.
The act that gave rise to this claim occurred on November 7, 1990, when in the will contest action Blanton read and agreed to the proposed settlement. From that moment, the estate was bound to pay over the agreed-to sum. This complaint was not filed until August 16, 1993, more than two years and nine months after the act complained of occurred.
Jones points to our holding that "the time limits in the [ALSLA] are to be measured from the date of the accrual of a cause of action and not from the date of the occurrence of the act or omission." Michael v. Beasley, 583 So.2d 245,252 (Ala. 1991). A cause of action "accrues" when a party suffers an injury or a loss or damage entitling her to maintain an action. See, Michael v. Beasley, supra; Cofieldv. Smith, 495 So.2d 61, 62 (Ala. 1986); Payne v.Alabama Cemetery Ass'n, Inc., 413 So.2d 1067, 1072 (Ala. 1982); Garrett v. Raytheon Co., 368 So.2d 516, 519
(Ala. 1979). The damage or loss alleged was the loss of $40,000 because of the settlement agreed to on November 7, 1990. " 'It was on that date that the plaintiffs cause of action accrued, because it was at that time that the plaintiff would have first suffered a legal injury for which [s]he would have been entitled to commence an action for damages against the [defendant].' " Michael v. Beasley, 583 So.2d at 252 (quoting Cofield v. Smith, 495 So.2d at 62).
Jones argues that the running of the period was tolled until she could maintain an action in the name of the estate. We agree that until the will was admitted to probate, the estate had no legal existence, and, therefore, could not maintain an action. Jones would have us go further and hold that the statutory period was tolled until she was granted letters testamentary on August 12, 1992. That, she argues, was the date from which the statutory period began to run, because, until then, she was not entitled to maintain an action in the name of the estate, and, therefore, she says, until then the cause of action could not have "accrued."
However, the real party in interest in this case is the estate, not Jones. "Every action shall be prosecuted in the name of the real party in interest." Rule 17(a), Ala.R.Civ.P. It is irrelevant when Jones was entitled to prosecute this action. The date that counts was the date on which theEstate of Wood was entitled to do so. The will was probated on March 26, 1991; that was still more than two years before Jones filed this action. Jones's assertion that the estate could not maintain an action until letters testamentary were granted is incorrect. Section 43-2-250 provides for the appointment of an administrator ad litem:
 "When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein."
§ 43-2-250, Ala. Code 1975.
Jones, as a "person interested therein," could have submitted an affidavit to the court showing the need to appoint an administrator ad litem to pursue the present action before the statutory period had run.
None of those sections listed in § 6-5-574(b) would toll the running of the two-year period in this case. Section 6-2-14
tolls the running of all limitations periods for up to six months "between the death of a person and the grant of letters testamentary or of administration," but that section is not among the sections listed in § 6-5-574(b) as modifying *Page 888 
the two-year period. Furthermore, Wood died in 1988, so the six-month grace period for seeking the proper letters expired before this claim ever arose.
Because this claim was not filed within the time allowed for the commencement of a legal service liability action, the trial court's summary judgment in favor of Blanton is affirmed.
AFFIRMED.
HORNSBY, C.J., and KENNEDY, J., concur.
ALMON and COOK, JJ., concur in the result.
[1] Restatement (Second) of Judgments (1982) uses the term "res judicata" to include all the rules governing former adjudication, but that term, which literally means "a thing adjudicated," has traditionally covered only the rules concerning "claim preclusion." "Collateral estoppel" has traditionally been used to denote those rules concerning "issue preclusion." Although we acknowledge the trend toward the use of the Restatement's language, for the sake of continuity, this opinion will use the traditional terms and will use them in their traditional sense.
[2] For a discussion of the issues involved in dropping the mutuality requirement, as well as how and why the Federal courts did so, see Blonder-Tongue Laboratories, Inc. v.University of Illinois Foundation, 402 U.S. 313,91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (overruling Triplett v.Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949 (1936), which had upheld the mutuality requirement); and ParklaneHosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645,58 L.Ed.2d 552 (1979) (approving the use of "offensive" collateral estoppel). See also, Restatement (Second) ofJudgments, §§ 2425, 27-29 (1982), and Comments.