On May 26, 1994, Benjamin E. Warner sued Pony Express Courier Corporation ("Pony Express") and Phenithia Mooney, alleging that Mooney, an employee of Pony Express, had negligently and wantonly injured him when the vehicle she was driving collided with the parked vehicle in which he was sitting.
After filing the complaint, Warner's counsel[1] neither initiated any discovery nor responded to discovery propounded by the defendants. Warner also failed to comply with the trial court's discovery order.
When the case was called for trial on March 13, 1995, the defendants moved to dismiss the action based on Warner's failure *Page 1319 
to comply with the court's discovery order. The trial court denied the motion to dismiss, but stated that Warner would not be permitted to introduce evidence of medical expenses or loss of income because of his failure to comply with the court's order compelling responses to discovery requests.
Two days later, both counsel met with the trial court in chambers. The trial court's final order in this case describes what occurred:
 "[C]ounsel for [Warner], asked for time to discuss settlement. After a lengthy period of negotiating, he informed this court and counsel for the Defendant that his client would accept $7,500.00 for settlement of all demands. Counsel for the Defendant, Mr. Scholl, agreed that he would recommend payment of $7,500.00 and that he would contact his client and request authority to settle. Shortly thereafter, this court was informed that the offer was accepted. . . . Based on the offer and acceptance, [Warner's] action was dismissed with prejudice on March 15, 1995."
Twenty-five days after the trial court dismissed Warner's action, Warner filed a pro se motion to set aside the order of dismissal, alleging that he had just recently been advised of the settlement by his attorney; that he had not been aware of the settlement, or its terms, at the time it was entered; and that he rejected the terms of the settlement. Warner alleged that his medical bills alone amounted to over $18,000 and that he rejected the $7500 settlement amount as unrealistically low. He asked the trial court to reinstate his case and allow him time to discharge his attorney and obtain new counsel.
The trial court denied the motion, with the following comments:
 "Overruled. The court heard . . ., attorney for plaintiff say the case was settled if Roy Scholl's client would pay $7500.00. The Defendant agreed to pay $7500.00 in my presence through Roy Scholl."
Warner obtained new counsel, who filed a notice of appeal to the Alabama Supreme Court. That court transferred the cause to this court pursuant to § 12-2-7(6), Ala. Code 1975. Counsel also filed a motion to supplement the record on appeal; the trial court denied that motion. Warner's proposed statement of the proceedings, by which he sought to supplement the record on appeal, is not in the record.
On appeal, Warner argues that the trial court erred by denying his motion to supplement the record to include what, Warner claims, happened in chambers on March 15. He also contends that the court erred by denying his motion to set aside the dismissal of his action because, he says, the case was settled without his knowledge or consent.
 Supplementation of the Record
The trial court did not err by failing to supplement the record on appeal with Warner's proposed statement of the proceedings. Here, as in Vreeland v. Marshall, 584 So.2d 809,811 (Ala. 1991), "the dispute between the parties is over what was said at an in-chambers conference [and] . . . Rule 10(d), A.R.A.P., simply does not apply." In Vreeland, the court explained:
"Rule 10(d) provides:
 " 'If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection.'
 "The plain language of Rule 10(d) indicates that it pertains only to 'evidence or proceedings at a hearing or trial.' Here, rather than reconstructing the proceedings or evidence at a hearing or trial, the statements . . . recount conversations that took place at a pretrial conference that was held in the trial judge's chambers. Conversations at a pretrial conference do not fit within the meaning of 'evidence or proceedings' as used in Rule 10(d). We hold that Rule 10(d) was not intended to provide a means by which to reconstruct statements that were made at a pretrial conference and that contradict the written orders of the court."
Vreeland, 584 So.2d at 811 (emphasis added).
 Standard of Review
Because Warner's pro se motion to set aside the order of dismissal was filed *Page 1320 
within 30 days of the order dismissing the cause, we will treat it as a Rule 59(e), Ala.R.Civ.P., motion to alter, amend, or vacate the judgment. See Lockhart v. Phenix City InvestmentCo., 488 So.2d 1353, 1354 (Ala. 1986). Our review of the trial court's refusal to vacate its prior judgment is limited to determining whether the trial court abused its discretion. Id.
"[T]he granting or denying of a rule 59 motion rests largely in the discretion of the trial court." Coker v. Farmers MutualExchange, 425 So.2d 489, 490 (Ala.Civ.App. 1983).
 The Attorney's Authority to Settle
In Hawk v. Biggio, 372 So.2d 303 (Ala. 1979), a party argued that the evidence failed to show that his attorney had the authority to agree to a settlement. The trial court concluded that § 34-3-21, Ala. Code 1975, gave an attorney the authority, as a matter of law, to make a settlement for his client. That section provides:
 "An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court."
The supreme court reversed, holding that § 34-3-21 was not dispositive of the issue. Instead, the court concluded, it is always a question of fact whether an attorney has the authority to make a settlement on behalf of his client. "[O]ur cases have consistently held that whether an attorney has authority to bind his client by an agreement to settle the case by consent is a question of fact." Blackwell v. Adams, 467 So.2d 680, 684
(Ala. 1985).
"An attorney may not consent to a final disposition of his client's case without express authority. Although an attorney of record is presumed to have his client's authority to compromise and settle litigation, a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry."Blackwell v. Adams, 467 So.2d at 684-85 (quoting BradfordExchange v. Trein's Exchange, 600 F.2d 99, 102 (7th Cir. 1979)). "[A]n attorney in this state may not 'compromise' his 'client's cause of action' except on the 'express authority of the client.' " K.P. v. Reed, 626 So.2d 1241, 1242-43 (Ala. 1992).
In Daniel v. Scott, 455 So.2d 30 (Ala.Civ.App. 1984), this court summarized the "appropriate law of Alabama upon the power of an attorney to compromise" his client's claim, as follows:
 "An attorney cannot settle a client's action or claim or prejudice a client's rights without authorization from the client. The power to compromise a demand does not arise from the power to sue or from an attorney's general authority which is usually limited in both duty and authority to the vigilant prosecution or defense of the rights of the client. The authority to settle is not incidental, but it is essential that an attorney have express, special authority from his client to do so. A person dealing with an attorney must ascertain the extent of the attorney's authority to compromise the client's claim. 'An attorney employed to represent a litigant in the prosecution or defense of a suit is a special agent of his client and has no implied or inherent authority or right to compromise and settle it.' An agent's apparent authority must be founded upon the conduct of the principal and not upon the conduct of the agent."
Daniel v. Scott, 455 So.2d at 32-33 (quoting Crawford v.Tucker, 258 Ala. 658, 663, 64 So.2d 411, 416 (1953)).
In two recent cases, our supreme court has held that if a party is present when a settlement agreement is announced by counsel in open court and the party fails to object to the settlement, the trial court is warranted in concluding that counsel has the apparent authority to settle the dispute. SeeJones v. Blanton, 644 So.2d 882 (Ala. 1994); Jones v. Stedman,595 So.2d 1355 (Ala. 1992).
In Stedman, the attorneys for both parties announced to the trial court that a settlement had been reached. One of the attorneys stated the precise terms of the settlement, and the court asked the parties if those terms represented their agreement. Counsel answered that their clients agreed to the terms. The parties were present, but silent. The Alabama Supreme Court wrote: *Page 1321 
 "We . . . assume, based on this evidence, which we consider sufficient for such a finding, that the trial court found that Jones's attorney had the authority to act on her behalf in agreeing to settle her case."
595 So.2d at 1356.
There is no indication in the record before us that Warner was present during the settlement discussion in chambers. The trial court's order indicates that it relied upon an agreementbetween counsel to settle the case.
The implicit holding of Blanton, Stedman, and the other authorities cited above is that an attorney's authority to settle a case for his client may not, in the absence of the client, be presumed. "[B]ecause [the client] was present when the settlement agreement was announced in open court and failed to object to it, [the lawyer] had the apparent authority to settle the dispute with the contestants." Blanton, 644 So.2d at 884 (explaining the holding in Stedman). See also Davis v.Turner, 337 So.2d 355 (Ala.Civ.App. 1976) (client who was present when her lawyer made stipulation in open court was bound by that stipulation).
Warner, acting pro se, filed a document alleging that he had been unaware of, and had not consented to, his attorney's settlement of the case. This document, based on Warner's own knowledge and signed by him, satisfies the "personal knowledge" requirement for an affidavit. See Rule 56(e), Ala.R.Civ.P. Under the circumstances, we find that the trial court abused its discretion by summarily denying Warner's pro se motion to set aside the order of dismissal without at least holding a hearing on the issue of the attorney's authority to settle the case.
We, therefore, reverse the circuit court's order refusing to vacate the order of dismissal and remand this cause with instructions to conduct a hearing to determine whether, at the time the settlement was stated to the court and the dismissal was entered, Warner's attorney was authorized to settle Warner's claim for $7500.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
[1] Appellate counsel now representing Warner was not counsel at trial.