John D. Roberson, a prisoner proceeding pro se, appeals from the trial court's order enforcing a stipulation agreement entered into by the parties whereby certain moneys and properties were forfeited to the State of Alabama pursuant to § 20-2-93, Ala. Code 1975.[1]
On May 11, 1995, members of the Twelfth Judicial Circuit drug task force executed a search warrant against Roberson and confiscated various amounts of controlled substances, several firearms, a 1989 Mazda automobile, and currency. Roberson was arrested; he was later convicted of violating Alabama's Controlled Substances Act, § 13A-12-201 et seq., Ala. Code 1975.
On June 27, 1995, the State, pursuant to § 20-2-93, Ala. Code 1975, filed an action against Roberson seeking to condemn the following items: (1) a 1989 Mazda automobile; (2) $1,697 in currency; (3) a Smith Wesson .357-caliber revolver; (4) a Davis Industries .380-caliber pistol; and a FIE .22-caliber revolver. On June 29, 1995, the State filed a second complaint, pursuant to § 20-2-93, Ala. Code 1975, against Roberson seeking to condemn $507 in currency.[2] On August 2, 1995, attorney Malcolm Newman entered an appearance on the record on behalf of Roberson and, on that same date, answered the forfeiture complaints. In the answer, Roberson denied ownership of the Mazda, but claimed ownership of the currency. In November 1995, the State, through its representative Al Smith, and Newman, purportedly on behalf of Roberson, entered into the following agreement:
 "1. The 1989 Mazda automobile is not claimed by the defendant and will be *Page 711 
returned to Minnie Wilson, sister of the defendant. The State will pursue no further proceedings regarding this vehicle for alleged past conduct.
 "2. The defendant Roberson makes no claim involving the firearms named herein and same are to be declared contraband and forfeited to the Twelfth Judicial Circuit Drug Task Force.
 "3. Any ruling or hearing concerning the currency listed herein will be deferred until the disposition of the pending criminal cases. Upon resolution of the criminal cases the disposition will be filed with this Court and same will be submitted as dispositive of the issues regarding the currency, i.e., if the defendant is acquitted the currency will be returned, if convicted, the currency will be forfeited."
On December 7, 1995, Roberson was found guilty of six counts of unlawful distribution of a controlled substance. On July 23, 2001, the trial court entered the following order in the forfeiture action:
 "This matter came before the Court on July 10, 2001, upon the attached stipulation of the parties concerning the return of a seized automobile and the condemnation and forfeiture of certain firearms and currency. The Court being informed that the 1989 Mazda automobile has been returned to one Minnie Wilson, sister of the Defendant, it is hereby ORDERED, ADJUDGED AND DECREED as follows:
 "1. The firearms made a part of the stipulation between the parties . . . are hereby declared contraband and are ordered condemned and forfeited to the Twelfth Judicial Circuit Drug Task Force, to be used exclusively by said Task Force in the enforcement of the law, or to be destroyed, if in the discretion of the Task Force said firearms are not appropriate for law enforcement use.
 "2. The Defendant, John Deavie Roberson, having been convicted in Pike County case number CC-95-166 and Coffee County case numbers CC-95-339-344, and pursuant to the stipulation of the parties dated November 14, 1995, the One Thousand Six Hundred Ninety-seven Dollars ($1,697.00) of lawful United States currency in case number CV-95-121 and Five Hundred Seven Dollars ($507.00) of lawful United States currency in case number CV-95-128 is hereby condemned and forfeited to the Twelfth Judicial Circuit Drug Task Force for the official use by said agency in the enforcement of the laws of this State."
Roberson moved for a new trial in the forfeiture action, arguing, among other things, that he had not authorized his attorney to enter into the stipulation agreement. In support of his motion, Roberson filed his affidavit in which he testified that Newman did not have the authority to enter into the stipulation agreement. Roberson's motion was denied by operation of law on November 5, 2001.
Roberson argues on appeal that the stipulation agreement entered into in this case is void, because, he says, his attorney was not authorized to enter into the agreement. He further contends that the trial court made insufficient findings of fact to support its decision to enforce the settlement agreement. Section 34-3-21, Ala. Code 1975, provides: "An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." Whether an attorney is authorized to bind his client is a question of fact to be determined by the fact finder. Pipkin v. *Page 712 Lucas, 451 So.2d 346 (Ala.Civ.App. 1984). This court has stated:
 "`An attorney may not consent to a final disposition of his client's case without express authority. Although an attorney of record is presumed to have his client's authority to compromise and settle litigation, a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry.'"
Warner v. Pony Express Courier Corp., 675 So.2d 1317, 1320 (Ala.Civ.App. 1996), quoting Blackwell v. Adams, 467 So.2d 680, 684-85 (Ala. 1985). Further, "`[A]n attorney in this state may not "compromise" his "client's cause of action" except on the "express authority of the client."'"Warner, 675 So.2d at 1320, quoting K.P. v. Reed, 626 So.2d 1241, 1242-43
(Ala. 1992). Finally, where the trial court fails to make a specific finding of fact as to whether a party's attorney is authorized to enter into a stipulation or compromise, such a finding is implicit in the trial court's order. Pipkin, supra; Young v. Reddock, 437 So.2d 1247 (Ala. 1983).
In Warner, supra, the plaintiff's attorney in a negligence action arising out of an automobile accident entered into a settlement agreement on behalf of his client, and the trial court dismissed the case based on the settlement. Thereafter, the plaintiff, acting pro se, filed a motion to set the dismissal aside, alleging that he had no knowledge of the settlement and that he did not accept the terms of the settlement. The trial court denied the motion and the plaintiff appealed. This court stated:
 "In two recent cases, our supreme court has held that if a party is present when a settlement agreement is announced by counsel in open court and the party fails to object to the settlement, the trial court is warranted in concluding that counsel has the apparent authority to settle the dispute. See Jones v. Blanton, 644 So.2d 882 (Ala. 1994); Jones v. Stedman, 595 So.2d 1355 (Ala. 1992).
". . . .
 "There is no indication in the record before us that [the plaintiff] was present during the settlement discussion in chambers. The trial court's order indicates that it relied upon an agreement between counsel to settle the case.
 "The implicit holding of Blanton, Stedman, and the other authorities cited above is that an attorney's authority to settle a case for his client may not, in the absence of the client, be presumed. '[B]ecause [the client] was present when the settlement agreement was announced in open court and failed to object to it, [the lawyer] had the apparent authority to settle the dispute with the contestants.' Blanton, 644 So.2d at 884 (explaining the holding in Stedman). See also Davis v. Turner, 337 So.2d 355 (Ala.Civ.App. 1976) (client who was present when her lawyer made stipulation in open court was bound by that stipulation).
 "[The plaintiff], acting pro se, filed a document alleging that he had been unaware of, and had not consented to, his attorney's settlement of the case. This document, based on [the plaintiff's] own knowledge and signed by him, satisfies the `personal knowledge' requirement for an affidavit. See Rule 56(e), Ala.R.Civ.P. Under the circumstances, we find that the trial court abused its discretion by summarily denying [the plaintiff's] pro se motion to set aside the order of dismissal without at least holding a hearing on the issue of the attorney's authority to settle the case."
Warner, 675 So.2d at 1320-21.
The record indicates that Newman entered an appearance on behalf of Roberson *Page 713 
and that he filed an answer to the forfeiture complaint. Newman, purportedly on behalf of Roberson, entered into a stipulation agreement with the district attorney's office in November 1995 regarding the property that was subject to the forfeiture proceeding. Thereafter, the forfeiture action was continued on several occasions. On February 25, 2000, the trial court entered an order setting the forfeiture action for trial on June 21, 2000, and ordering the sheriff's department to transport Roberson from the state prison system to the Pike County jail for the purposes of trial, and stating that Roberson should remain housed in the county jail until further order of the court. However, on June 20, 2000, the trial court notified the sheriff's department that it would not "need to see" Roberson the following day and not to transport him. The case was continued yet again, and, on June 11, 2001, the trial court entered an order setting the matter for trial on July 9, 2001. The case action summary indicates that a request was filed seeking Roberson's presence at the trial scheduled for July 9, 2001; however, this court cannot discern from the record whether this request was granted or whether Roberson was present at the trial. The case was submitted to the trial court upon the stipulation of the parties and the trial court entered an order enforcing the stipulation agreement. Following the entry of the trial court's order, Roberson moved the court for a new trial and filed his affidavit in support of that motion, stating that he had no knowledge of the stipulation agreement and that Newman did not have the authority to enter into the stipulation agreement and thereby to bind him to its terms. The trial court did not hold a hearing on the motion and it was denied by operation of law.
We cannot discern from the record whether Roberson was present when the stipulation agreement was entered into or whether he was present in the trial court on the day the case was submitted to the court on stipulation of the parties. Based on Warner, Blanton, Stedman, and the record in this case, this court cannot presume that Newman had the authority to enter into the settlement agreement on behalf of Roberson. Accordingly, we conclude that the trial court abused its discretion in failing to hold a hearing on the issue whether Newman had the authority to enter into the stipulation agreement on behalf of Roberson. Therefore, we must reverse the judgment and remand this case to the trial court for it to conduct a hearing to determine whether Newman had the authority to enter into the settlement agreement on behalf of Roberson.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, J., recuses himself.
[1] Minnie Wilson, Roberson's sister, also proceeding pro se, filed numerous handwritten documents with the court regarding the forfeiture action; those documents were frivolous and meritless. However, Wilson did move to intervene in the action, alleging that she was the rightful owner of an automobile and certain moneys that were subject to the forfeiture action filed by the State against Roberson. The trial court denied Wilson's motion. Wilson has not appealed the denial of the motion to intervene; therefore, she is not a party to this appeal.
Roberson also filed numerous handwritten motions with the trial court, most of which were meritless and frivolous. Roberson filed a document with the court seeking to have Jeffery Baker, who is apparently Roberson's brother-in-law and not a lawyer, appointed to an "advisory" position on his defense team. Baker later filed a document entitled "Complaint and Affidavit in Support of Malicious Prosecution and for Special Prosecutor/Protective Order," alleging that he had an "interest" in a number of pending cases in the circuit court and that during the course of those cases he had been "unduly harassed, physically assaulted, slandered, emotionally and psychologically intimidated, caused to fear unreasonably, subjected to governmental threat, garnishment, reprisal, etc., etc." This purported complaint has nothing at all to do with the forfeiture action against Roberson, but appears to involve his removal from a County Commission hearing and from a court hearing in an unrelated case. Thereafter, Baker filed a document entitled "Motion for Joinder of Parties," seeking to be named a "plaintiff/defendant" in the forfeiture case against Roberson and alleging an interest in certain property made the subject of the forfeiture action against Roberson. This motion is more akin to a motion to intervene; therefore, we will treat it as such. The trial court denied the motion. Baker has filed a notice of appeal from the trial court's final judgment in this case; however, he has not sought to appeal the denial of his motion to intervene. Therefore, he is not a party to this appeal.
[2] These cases were consolidated for purposes of trial. The cases were also consolidated on appeal.