Joseph W. Lewis appeals a judgment entered against him in a garnishment proceeding. We reverse and remand.
On November 15, 2002, the Coffee Circuit Court entered a judgment divorcing Christina Y. Cherry Whitlock and her former husband, Wayne Cherry. Sometime after November 15, 2002, and before September 13, 2004, Whitlock instituted a contempt proceeding against Cherry in the Coffee Circuit Court. On September 13, 2004, the Coffee Circuit Court entered a default judgment against Cherry in the contempt proceeding and awarded Whitlock approximately $6,200. Cherry did not pay that judgment.
In 2005, Cherry sued Wal-Mart Stores, Inc., in the Lee Circuit Court. Lewis, an attorney, represented Cherry in that action.
In August 2006, Whitlock filed with the Coffee Circuit Court a writ of garnishment against Lewis, seeking to garnish $6,200 of the funds that Lewis had collected for Cherry in his action against Wal-Mart. Lewis contends that he was not properly served with the writ of garnishment; Whitlock contends that Lewis was properly served with the writ of garnishment.
In February 2007, Whitlock appeared in Cherry's action against Wal-Mart in the Lee Circuit Court and requested, among other things, that that court enforce the lien arising from her $6,200 judgment against the funds collected on behalf of Cherry in that action. The Lee Circuit Court held a hearing regarding the validity of Whitlock's lien in February 2007. Following that hearing, the Lee Circuit Court entered an order on March 6, 2007. In pertinent part, that order stated:
 "A hearing was held regarding whether or not Mrs. Christina Whitlock had a valid lien in this matter. . . . At the *Page 474 
hearing it appeared to the Court that Mrs. Whitlock had attempted to execute on this lien by filing a garnishment in August of 2006. The garnishment was served upon Mr. Joseph Lewis Attorney for Wayne Cherry, on August 3, 2006. It should be noted the Court took a recess and a copy of the service was faxed to the Court by the Coffee County Circuit Court. Therefore, the Court is of the opinion that this lien is . . . a valid lien and due to be paid from the proceeds from this law suit. The total amount to be paid is $6,294.42. This is the amount of the Coffee County Default Judgment plus the court costs associated with the garnishment.
 "The Court was then informed that the proceeds of the law suit had been distributed to the Plaintiff. Therefore, the Plaintiff, Wayne Cherry, is ordered to repay $6,294.42 immediately to the Circuit Court of Lee County, Alabama. Once the Lee County Circuit [Court] receives said payment, they are to forward this sum to Mrs. Christina Whitlock, 108 Courtland Drive, Enterprise, AL, 36330. Whether or not Mrs. Whitlock can execute on the Coffee County garnishment is left to the discretion of the Coffee County Circuit Court."
(Emphasis added.)
The record is silent regarding whether Cherry paid the $6,294.42 to the Lee Circuit Court pursuant to that court's order. However, on April 3, 2007, the Coffee Circuit Court, upon the motion of Whitlock, entered an order granting Whitlock a conditional judgment against Lewis, as garnishee, in the amount of $6,200.
On April 17, 2007, Lewis filed an objection to the conditional judgment. In his objection, Lewis asserted that he had not been properly served with the writ of garnishment because, he said, the process server had left the writ of garnishment with a person who was not authorized to accept service of process on behalf of Lewis. Moreover, Lewis asserted that he had not received the writ and had no knowledge that such a writ had been issued until Whitlock had produced a copy of the writ at the February 2007 hearing regarding the validity of Whitlock's lien in the Lee Circuit Court. Lewis submitted affidavit testimony that tended to prove the facts upon which he based his objection.
On July 16, 2007, the Coffee Circuit Court entered a judgment (1) holding that, pursuant to the doctrine of res judicata, the Lee Circuit Court's adjudication of the issue whether Lewis had been properly served with the writ of garnishment barred Lewis from litigating that issue in the garnishment proceeding in the Coffee Circuit Court; (2) overruling Lewis's objection to the conditional judgment entered against him; and (3) making the conditional judgment against Lewis an absolute judgment against him. Lewis filed a post-judgment motion, which was denied, and then timely appealed to this court.
On appeal, Lewis argues, among other things, that the Coffee Circuit Court erred in holding that the doctrine of res judicata barred him from contesting the propriety of the service of the writ of garnishment because, he says, he was not a party to Cherry's action against Wal-Mart in the Lee Circuit Court. We agree.
Lewis was an attorney of record for Cherry in Cherry's action against Wal-Mart in the Lee Circuit Court, but his status as an attorney of record in that action did not make him a party to that action for purposes of the doctrine of res judicata.See Jones v. Blanton, 644 So.2d 882, 886 (Ala. 1994) (holding that an attorney of record in a prior action was not a party to that action for purposes of the doctrine of res judicata). Because Lewis was not a party to Cherry's action against *Page 475 
Wal-Mart in the Lee Circuit Court, the Lee Circuit Court's determination in that action that Lewis was properly served with the writ of garnishment issued by the Coffee Circuit Court does not bar Lewis from litigating that issue in the garnishment proceeding now before us. See Jones v. Blanton, supra (holding that the adjudication of an issue in a prior action did not preclude its adjudication in a second action because one of the parties to the second action was not a party to the first action). Therefore, we reverse the judgment of the Coffee Circuit Court and remand the action to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.